THE STATE, EX REL. COOPER, *v*. ATER, JUDGE.
THE STATE, EX REL. MOORE, PROSECUTING ATTORNEY, *v*.
ATER, JUDGE.

(Nos. 74-88 and 74-89—Decided June 12, 1974.)

230

*Messrs. Moore, Wolfe, Boll & Cooper, Mr. Charles Cooper, Mr. Lloyd E. Moore,* prosecuting attorney, and *Mr. Dennis J. Boll,* for relators.

*Messrs. Collier & Collier* and *Mr. James B. Collier, Jr.,* for respondent.

*Per Curiam.* Respondent argues that the suspension of relator Cooper was a proper exercise of his inherent, common-law power to punish for contempt of court.[1] Thus,

---

[1] While the judge's statement from the bench indicates that some hostility existed between the parties, it does not affirmatively indicate a verbal contempt finding:

"The Court: I have made a decision but I won't elaborate, I am going to give an oral decision but frankly I am so ill at the time that I will give this decision the first of the week. I will have a decision then.

"I do want to say this without indicating what my finding is, that I think until such time as this matter is clarified, Mr. Cooper should not become involved in any further criminal proceedings.

"I don't like to be too severe Mr. Cooper but first as an intern and I don't like to call it inexperience, you first as an intern under Mr. Kennedy you impugned the integrity of the Probate Court. You ad-

he argues that any error complained of in his action is properly remedied through appeal, and prohibition does not lie.

However, it is well established in this state that:

"A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." Paragraph one of the syllabus in *Schenley v. Kauth* (1953), 160 Ohio St. 109; *State, ex rel. Indus. Comm., v. Day* (1940), 136 Ohio St. 477.

There is no journal entry which supports respondent's position.[2] Relator Cooper has no order to appeal from, and he has no other apparent course of conduct open to him to challenge that suspension.

Relator Cooper meets the conditions which warrant the granting of a writ of prohibition. *State, ex rel. Northern Ohio Telephone Co., v. Winter* (1970), 23 Ohio St. 2d 6, 8, and cases cited therein.

Relator Moore alleges that the respondent threatens to interfere with the budget of the prosecuting attorney's office by adjusting that budget pursuant to R. C. 309.06.

R. C. 309.06, in pertinent part, provides:

"On or before the first Monday in January of each year, the judge of the Court of Common Pleas, or, if there is more than one judge, the judges of that court in joint session, may fix an aggregate sum to be expended for the incoming year for the compensation of assistants, clerks and stenographers of the prosecuting attorney's office."

---

mitted and acknowledged in this court that you spoke ill of it at political and public meetings.

"You have not denied effectively what Mr. Marting has said.

"Now, you can say that you were inexperienced when you were an intern under Mr. Kennedy and when you were an intern under Mr. Moore, but you have reached manhood and you are a member. of the bar.

"Until further order of the court you will not be involved in any further criminal proceedings in this court."

[2] Respondent argues that he was prevented from entering his order on the journal by this court's alternative writ of prohibition. However, his oral order was made on January 11, 1974, and our alternative writ was not granted until January 29, 1974. It thus seems that, had the respondent wished to, he could have journalized his order.

232

That aggregate sum has been set for the year, and there is no provision for adjustment by the Court of ComPleas judges. Thus, the threatened action would be clearly without proper authority. Respondent's threatened action meets the conditions of *State, ex rel. Northern Ohio Electric Co.,* v. *Winter, supra.*

Since professional conduct is in question in this cause, some additional comments are in order.

A lawyer, when he takes his oath to practice, swears that he will maintain respect for judges and judicial officers. As an officer of the court he is duty-bound to maintain this attitude at all times and under all circumstances.

It appears that relator Cooper (having been admitted to the practice of law in November 1973) should know that even if he disagrees with an order of a court in the course of a trial, he should obey the order, as the law provides sufficient avenues to protect his client. When Judge Ater ordered him not to exhibit the photograph in the courtroom in the course of the trial, he should not have done so. It is not a question of whether the members of the jury saw the photograph, but whether Cooper obeyed the court's order.

With the employment of these extraordinary writs of prohibition, the situation created has been blown out of all proportion. The better advised course of action would have been for Cooper's superior to request a meeting with the trial judge to discuss the issues we have today decided. After the tensions of the trial were over, an apology followed by a friendly handshake would have resolved this case.

As an officer of the court, Cooper is duty-bound to conduct himself in a manner so as not to give the appearance that he was willfully disobeying the judge's order.

For the foregoing reasons, the writs of prohibition will be allowed.

*Writs allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.