OPINION
{¶ 1} In this appeal we are asked to determine whether Disorderly Conduct is a lesser included offense of Assault. We hold that it is not.
 {¶ 2} Defendant-Appellee, Luzcelenia Ocasio, was charged by indictment with Assault in violation of R.C. 2903.13(A) and (C)(3). Division (A) of that section states: "No person shall knowingly cause or attempt to cause physical harm to another or another's unborn." R.C.2903.13(C) provides that Assault is a misdemeanor of the first degree, except when the conduct proscribed also violates, inter alia, division (C)(3) of R.C. 2903.13. That division states: "If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."
 {¶ 3} The Assault charge was tried to a jury. At the close of the evidence, Defendant requested a lesser included offense instruction on Disorderly Conduct in violation of R.C. 2917.11(A)(1), which prohibits causing "inconvenience, annoyance, or alarm to another by [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior," coupled with division (E)(3)(c), which elevates the offense from a minor misdemeanor to a fourth degree misdemeanor when the victim is a "law enforcement officer" while on duty.
 {¶ 4} The State objected to Defendant's request, citing decisions of other appellate districts which have held that Disorderly Conduct is not a lesser-included offense of Assault. The trial court overruled the State's objection and, reluctantly following the decision of this court in State v. Parker, 149 Ohio App.3d 681, 2002-Ohio-5536, gave the instruction Defendant requested. The jury returned a verdict of not guilty on the Assault charge and guilty on the lesser included offense of Disorderly Conduct. Defendant was sentenced according to law.
 {¶ 5} The State sought leave of this court pursuant to R.C.2945.67(A) to appeal from the trial court's ruling on the lesser included offense instruction. We granted leave, and the matter is now before us on the following proposition of law submitted by the State:
 {¶ 6} "Disorderly conduct is not a lesser included offense of assault."
 {¶ 7} The Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The right is likewise guaranteed by Article I, Section 10 of the Ohio Constitution, which states: "No person shall be twice put in jeopardy for the same offense."
 {¶ 8} The Federal prohibition against double jeopardy is binding on the states. Benton v. Maryland (1969), 395 U.S. 784, 89 S.Ct. 2056,23 L.Ed.2d 707. The prohibition has three distinct aspects. "It protects against a second prosecution for the same offense after acquittal. It protects against the same prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce (1969), 395 U.S. 711, 717,89 S.Ct. 2089, 23 L.Ed.2d 656.
 {¶ 9} Greater and lesser offenses are the same for purposes of the double jeopardy prohibition against multiple punishments when the lesser offense does not require proof of an element different from that required for proof of the greater offense. Brown v. Ohio (1977), 432 U.S. 161,97 S.Ct. 2221, 53 L.Ed.2d 187. Three requirements for its application of the lesser included offense rule exist: (1) the offense at issue must carry a lesser penalty than the offense charged; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense as statutorily defined, also being committed; and (3) one or more elements of the greater offense are not required to prove the lesser offense.State v. Deem (1988), 40 Ohio St.3d 205.
 {¶ 10} With respect to whether the offense of Disorderly Conduct of which Defendant was convicted is a lesser included offense of the Assault offense with which he was charged, there is no dispute that the first and third prongs of the Deem test are satisfied. The dispute concerns the second prong: whether the greater offense of Assault cannot, as statutorily defined, ever be committed without the lesser offense of Disorderly Conduct, as statutorily defined, also being committed. Id. If the greater offense can be committed without necessarily committing the lesser offense, it is not a lesser included offense of the greater.
 {¶ 11} When making the comparison Deem requires, the offenses must be compared "as statutorily defined and not with respect to specific factual scenarios." State v. Barnes (2002), 94 Ohio St.3d 21, 26. Therefore, "the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." State v. Kidder (1987),32 Ohio St.3d 279, 282.
 {¶ 12} In Parker, a defendant charged with Assault, R.C. 2903.13(A), was convicted of Disorderly Conduct, R.C 2917.11(A)(1), as a lesser included offense. We reversed, finding that the element in R.C.2917.11(E)(3)(a) that increases a Disorderly Conduct violation from a minor misdemeanor to a fourth degree misdemeanor, in that case persisting in disorderly conduct after being warned, involved an element that an Assault offense does not involve. Therefore, the second prong of Deem
wasn't satisfied. We observed, however, that absent that aggravating circumstance the minor misdemeanor Disorderly Conduct offense that R.C.2917.11(A) defines is a lesser included offense of Assault, and we remanded to enter a conviction for Disorderly Conduct as a minor misdemeanor.
 {¶ 13} Our observation in Parker was erroneous with respect to the lesser included offense proposition concerned. As it happens, we came to a correct decision two years before in State v. Schaefer (April 28, 2000), Greene App. No. 99-CA-88. There a defendant charged with Domestic Violence, R.C. 2919.25, was convicted of Disorderly Conduct as a lesser included offense. Domestic Violence involves a physical harm element. Disorderly Conduct does not. Therefore, we held that because an attempt to commit Domestic Violence can exist without engaging in Disorderly Conduct when, hypothetically, a victim is unaware of a failed attempt to commit physical harm, the second prong of Deem isn't satisfied and Disorderly Conduct cannot be a lesser included offense of Domestic Violence. More to the point here, we observed that, at least for lesser included offense purposes, Assault bears a like relation to Disorderly Conduct because both Domestic Violence and Assault contain a physical harm element that, at least with respect to an attempt to commit physical harm, might permit a violation not encompassed by the "inconvenience, annoyance, or alarm" that Disorderly Conduct involves when the victim is unaware of the attempt.
 {¶ 14} Defendant-Appellant argues that our rationale in Schaefer is flawed. He points out that, taken to its logical conclusion, it would permit defendant who is charged with Attempted Assault to obtain a lesser included offense instruction on disorderly conduct, but not a defendant who is charged with an Assault that resulted in actual physical harm.
 {¶ 15} Schaefer's rationale might result in that anomaly, but on the facts of that case it did not. There, the defendant had "flipped" his wife in the face with the back of his hand That was sufficient to show physical harm, and we held that in that circumstance Disorderly Conduct is not a lesser included offense of Domestic Violence, noting that the same outcome would be reached had Assault been charged.
 {¶ 16} We decided Schaefer in 2000. The Supreme Court of Ohio rendered its decision in Barnes in 2002. Barnes cautions us that the test the second prong of Deem prescribes compares greater and lesser offenses "as statutorily defined and not with respect to specific factual scenarios." Id., at p. 26. That limitation applies to the particular evidence in a case. Kidder. Reasonably, it necessarily also applies to the kind of hypothesized evidentiary facts on which we based the distinction we found in Schaefer, when the victim of an attempted Assault is unaware of it.
 {¶ 17} Barnes compels a narrower comparison, one which looks to the statutory elements of the two offenses as the General Assembly enacted them. If every element of the lesser offense appears in the greater, as both are defined, the lesser offense is "included" within the greater for purposes of the second prong of Deem. If the lesser offense includes another or a different element, the lesser offense is not included within the greater.
 {¶ 18} The Tenth District Court of Appeals applied this narrower form of comparison when it decided State v. N. (Sept. 1, 1998), Franklin App. No. 97APA12-1676. The court reasoned that because the "inconvenience, annoyance, or alarm" that Disorderly Conduct involves are, in whole or in part, mental states, they are conceptually different from the physical harm element of the offense of Assault. Therefore, Disorderly Conduct is not a lesser included offense of a greater offense such as Domestic Violence that includes a physical harm element.
 {¶ 19} We cited and discussed N in our opinion in Schaefer, but didn't adopt it expressly. The Supreme Court's subsequent holding inBarnes convinces us that the Tenth District's rationale was correct because it is more in accord with Barnes than our rationale in Schaefer.
Therefore, we reject any contrary implication in Schaefer, though we need not reverse the holding in Schaefer because it reached a correct result. However, we necessarily overrule our holding in Parker, to the extent that it is in conflict with our holding here.
 {¶ 20} We conclude that Disorderly Conduct is not a lesser included offense of Assault, whether completed or attempted, irrespective of any similarity in the aggravating circumstances that each can involve. That was apparently a factor here. The victim of the Assault was a peace officer, which per R.C. 2903.13(C)(3) enhances the Assault Offense from a first degree misdemeanor to a fourth degree felony. The offense was then necessarily committed "in the presence of any law enforcement officer," which per R.C. 2917.11(E)(3)(c), enhances a Disorderly Conduct offense involving "fighting" from a minor misdemeanor to a misdemeanor of the fourth degree. Any factual congruence between those aggravating circumstances is insufficient to create a lesser included offense relationship between those two offenses.
FAIN, P.J. and YOUNG, J., concur.