OPINION
{¶ 1} Alex Schooler appeals from his conviction in the Greene County Court of Common Pleas of carrying a concealed weapon, a felony of the fourth degree, on double jeopardy grounds.
 {¶ 2} On October 10, 2002, Alex Schooler was arrested for carrying a concealed weapon. On October 11, 2002, Detective Wesseler of the Beavercreek Police Department completed a Complaint and Affidavit, charging Schooler with carrying a concealed weapon, in violation of R.C. 2923.12(A), as a felony of the fourth degree. The circumstances elevating the offense from a misdemeanor to a felony were not set out in the complaint. However, the subsequent indictment indicates that Schooler was charged with a fourth degree felony, rather than a misdemeanor, based on his having a firearm which was loaded or for which he had ammunition ready at hand See R.C. 2923.12(D).
 {¶ 3} That same day, Schooler appeared before an acting judge in the Fairborn Municipal Court. The bailiff indicated to the judge that the case had been filed as a misdemeanor of the first degree. The court inquired of Schooler whether he wished to enter a plea, and Schooler proceeded to plead guilty to the charge. The court sentenced Schooler to sixty days of incarceration, all of which was suspended on the condition that Schooler have no future similar violation, and to pay a fine of $300.00.
 {¶ 4} On October 17, 2002, based on the same circumstances alleged in the Complaint and Affidavit, Schooler was indicted for carrying a concealed weapon, a felony of the fourth degree. On February 28, 2003, Schooler filed a motion to dismiss the charge on double jeopardy grounds. The trial court overruled the motion (and subsequently denied a motion for reconsideration), indicating that all of the records of the Fairborn Municipal Court demonstrated that the charge filed in that court was a felony charge, not a misdemeanor, and that the municipal court judge had accepted his guilty plea on the mistaken belief (as a result of misinformation from the bailiff) that a misdemeanor charge had been filed. The court reasoned that, because Schooler had been charged with a felony, the municipal court lacked subject matter jurisdiction to dispose of the case by means of accepting a guilty plea. The court further noted that the transcript of the proceedings did not reflect that Schooler had, in fact, entered a guilty plea. Thus, the court found that Schooler was "not subjected to double jeopardy as the records of the Fairborn Municipal Court, through which the Court speaks, does [sic] not disclose a misdemeanor conviction."
 {¶ 5} Schooler presents one assignment of error on appeal.
 {¶ 6} "The trial court errored [sic] when it did not dismiss defendant's case on [the] ground of double jeopardy."
 {¶ 7} Both the United States and Ohio Constitutions prohibit double jeopardy. United States v. Dixon (1993), 509 U.S. 688,113 S.Ct. 2849, 125 L.Ed.2d 556; State v. Lovejoy,79 Ohio St.3d 440, 443, 1997-Ohio-371, 683 N.E.2d 1112. This prohibition protects a criminal defendant against (1) a second prosecution for the same offense after acquittal, (2) the same prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. State v. Ocasio, Montgomery App. No. 19859, 2003-Ohio-6240, ¶ 8, citing North Carolina v.Pearce (1969), 395 U.S. 711, 717, 89 S.Ct. 2089, 23 L.Ed.2d 656.
 {¶ 8} Schooler claims that his conviction of carrying a concealed weapon, a felony of the fourth degree, constituted a second prosecution for the same offense. He argues that he had previously been convicted of carrying a concealed weapon, a misdemeanor of the first degree, in the municipal court. In response, the state "readily concedes that if the municipal court had subject matter jurisdiction to accept the guilty plea there would be Double Jeopardy issues implicated and the analysis put forth by the appellant in both Blockburger v. United States
(1932), 284 U.S. 299, 304, 52 S.Ct. 180[,] and State v. Best
(1975), 42 Ohio St.2d 530[, 330 N.E.2d 421,] may be necessary." However, the state asserts that the municipal court lacked subject matter jurisdiction to dispose of Schooler's case and, therefore, no valid prior conviction had occurred.[1] The state therefore claims that Schooler was not placed in jeopardy by the invalid municipal court plea.
 {¶ 9} We agree. Subject matter jurisdiction of a court connotes the power and authority to decide particular types of cases on the merits and to render valid judgments therein.Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87,290 N.E.2d 841. Pursuant to R.C. 1901.20(A)(1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory. State v. Davis,
Montgomery App. No. 19540, 2003-Ohio-4584. R.C. 1901.20(B) further provides:
 {¶ 10} "The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant."
 {¶ 11} Thus, R.C. 1901.20(B) "limits a municipal court's subject matter jurisdiction in felony cases to any hearing prior to indictment or a hearing to determine whether probable cause exists to bind a defendant over to the court of common pleas or otherwise `discharge, recognize or commit the defendant.'" Statev. Spriggs, 118 Ohio Misc.2d 189, 192, 2000-Ohio-2697,770 N.E.2d 638, 641; see also State v. Girt, Stark App. No. 2002-CA-174, 2002-Ohio-6407, ¶ 39 (under R.C. 1901.20(B), a municipal court is authorized to conduct preliminary hearings in felony cases); Crim.R. 5. The procedures for an initial appearance and for a preliminary hearing in felony cases are contained in Crim.R. 5.
 {¶ 12} In the present case, the record demonstrates that the October 11, 2002, proceeding was an initial appearance. In misdemeanor cases, a defendant may enter a plea at the initial appearance. Crim.R. 5(A)(5). However, a felony defendant may not "be called upon to plead either at the initial appearance or at a preliminary hearing." Id. Accordingly, under R.C. 1901.20(B) and Crim.R. 5, Schooler could only have been charged with a misdemeanor for the Fairborn Municipal Court to have had subject matter jurisdiction to accept his guilty plea and to sentence him.
 {¶ 13} The record supports the trial court's conclusion that the state had brought a felony, not a misdemeanor, charge against Schooler. Detective Wesseler's Complaint and Affidavit, filed on October 11, 2002, states that on October 10, 2002, Schooler carried a concealed weapon, in violation of R.C. 2923.12(A), a felony of the fourth degree. That recitation was sufficient to charge a felony offense. R.C. 2945.75(A)(1). The arrest warrant, also filed on October 10, 2002, indicates that an affidavit had been filed with the Fairborn Municipal Court, charging the felony of carrying a concealed weapon. Accordingly, the record clearly demonstrates that Schooler was charged with a felony of the fourth degree on October 11, 2002, the date on which he appeared before the municipal court judge. Moreover, we note that in making a bond recommendation to the court, the state had indicated that the case would be presented to the grand jury on October 15, 2002. The subsequent indictment alleged that Schooler had carried a concealed weapon, a felony of the fourth degree.
 {¶ 14} Schooler makes much of the fact that the cover of his municipal court file had been altered. The state has conceded that a clerk had "whited out" the portions of the file cover that indicated that Schooler had entered a guilty plea in the municipal court and had received a sentence of a suspended jail term and a fine. Thus, the clerk has destroyed the portion of Schooler's municipal court record which supported his claim that he had entered a guilty plea and received a sentence from the municipal court. We are alarmed that a court employee would alter a court record in this manner, particularly in light of the fact that the Supreme Court of Ohio has repeatedly stated that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." Schenley v.Kauth (1953), 160 Ohio St. 109, 113 N.E.2d 625, paragraph one of the syllabus; State ex rel. Cooper v. Ater (1974),38 Ohio St.2d 229, 313 N.E.2d 7.
 {¶ 15} We acknowledge that, based on the transcript of the October 11, 2002, proceeding, it is apparent that Schooler had entered a guilty plea to a misdemeanor charge and had been sentenced by the municipal court. However, the record makes clear that the Complaint and Affidavit stated a felony charge against Schooler at the time of the initial appearance on October 11, 2002. Even though the file cover originally indicated "M1," meaning that the carrying a concealed weapon charge was a misdemeanor of the first degree, there is no indication in the record that the state had actually filed a misdemeanor charge. The transcript of the October 11, 2002, proceeding merely demonstrates that the municipal court acted based on its mistaken belief that a misdemeanor, not a felony, charge had been filed against Schooler.
 {¶ 16} A belief that the court has subject matter jurisdiction does not confer jurisdiction where none exists. Because Schooler had been charged with a felony, the Fairborn Municipal Court lacked subject matter jurisdiction to accept a guilty plea on a misdemeanor charge of carrying a concealed weapon and to sentence him on that charge at the initial appearance. A judgment rendered by a court lacking subject matter jurisdiction is void ab initio. State v. Saxon, Highland App. No. 02CA15, 2003-Ohio-1199, ¶ 25, citing Patton v. Diemer
(1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. Accordingly, Schooler's plea before the municipal court was void. Consequently, Schooler was not subjected to double jeopardy when he was subsequently convicted in the Greene County Court of Common Pleas on the felony charge.
 {¶ 17} Schooler's assignment of error is overruled.
 {¶ 18} The judgment of conviction will be affirmed.
Grady, J. and Young, J., concur.
[1] The state notes that there is a question as to whether Schooler, in fact, pled guilty in the municipal court. Because we agree with the state that the municipal court lacked subject matter jurisdiction to accept Schooler's plea, we need not reach this issue. For purposes of our analysis, we will assume that Schooler did, in fact, enter a plea of guilty in the municipal court to a misdemeanor charge of carrying a concealed weapon.