OPINION
{¶ 1} Defendant, Steven Brack, appeals from his conviction and sentence for disorderly conduct.
 {¶ 2} On November 17, 2003, Defendant was charged by complaint in Dayton Municipal Court with one count of domestic violence, R.C. 2919.25(A)(1), and one count of assault, R.C. 2903.13(A). Following a trial on February 9, 2004, Defendant was found not guilty of both domestic violence and assault but guilty of disorderly conduct, R.C. 2917.11, as a lesser included offense of assault. The trial court fined Defendant one hundred dollars plus court costs. Defendant timely appealed to this court from his conviction and sentence.
 {¶ 3} Defendant filed a pro se appellate brief arguing that the trial court erred in convicting him of disorderly conduct because that offense is not a lesser included offense of assault.
 {¶ 4} After reviewing our decisions in State v. Ocasio (November 21, 2003), Montgomery App. No. 19859, 2003-Ohio-6240 and State v. Schaefer
(April 28, 2000), Greene App. No. 99CA88, wherein this court held that disorderly conduct is not a lesser included offense of either assault or domestic violence, the State filed a brief in this appeal conceding error. The State admits that disorderly conduct is not a lesser included offense of assault, and therefore that the trial court erred in convicting Defendant of disorderly conduct. We agree.
 {¶ 5} Upon the authority of our recent decision in State v. Ocasio,supra, Defendant's assignment of error is sustained. Defendant's conviction for disorderly conduct will be reversed and vacated. Defendant will be discharged on the charges against him.
Brogan, J. and Young, J., concur.