OPINION
{¶ 1} Lester Brown was found guilty, after entering a no contest plea, to a charge of assault in violation of R.C.2903.13(A). Specifically, he was charged with "unlawfully and knowingly caus[ing] or attempt[ing] to cause physical harm to . . . William Frazier by hitting him." After receiving a presentence investigation report, the trial court imposed a sentence of 100 days of electronic home detention with work privileges.
 {¶ 2} Brown advances a single assignment of error as follows:
 {¶ 3} "1. The trial court erred in finding the defendant guilty upon a no contest plea and subsequently sentencing him to a maximum sentence."
 {¶ 4} The explanation of circumstances upon which the trial court based its finding of guilty consisted of a narrative report from Brian Cherry of the Montgomery County Sheriff's Office and supporting witness statements. (It is clear from the record that the trial court read the narrative report and witness statements before finding Brown guilty.) The narrative report states in part:
 {¶ 5} "On 05-19-05, at 1000 hrs., I was assigned at the Dayton Municipal Court Building Lobby, Screening Station, located at 301 W. Third St., Dayton, Oh., when I observed two B/M Subjects engaged in what appeared to be a fist fight outside the front entrance of the building.
 {¶ 6} "I responded to the scene and attempted to separate the parties involved, who were both yelling profanities and trying to strike each other. Deputy Reser, #256, M.C.S.O also arrived on the scene to assist. Upon getting the two individuals separated, I began to interview one of the B/M's, identified as William C. Frazier, B/M 03-12-75, who was wearing a white striped shirt and green pants. According to Frazier he stated that he and his fiancé, Lashannon Floyd, B/F 04-04-72, were departing the court building following a civil hearing when Lester D. Brown, B/M 12-17-70, (who was the other B/M involved) wearing a brown shirt and white pants, approached him (Frazier) and stated, `Hey playa, stay the fuck away from my girlfriend and we're not playin your girl shit.' Frazier then claimed that Brown struck him with a closed fist, and connected (Frazier) on the left side of his chin. Frazier claimed that was when he began to defend himself and fight back. Frazier further claimed, that the altercation was a result of the outcome of the court case that Frazier and his fiancé ([civil] plaintiff) . . . had both just attended, and that Brown was the boyfriend of the ([civil] defendant). Checking both Frazier and Brown neither of the two claimed to have sustained any injuries, no injuries were observed and medical attention was not requested by either of the parties.
 {¶ 7} "I spoke with several witnesses, who were present during the incident. Brenda Dewinter, W/F 03-22-53, John Jacobs; W/M 02-23-63, Earlene Carter, B/F 11-16-44, and David Sanders, W/M 09-24-48. All four of the witnesses stated to me that the Brown subject approached the Frazier subject and began punching/assaulting the Frazier subject. Written statements were obtained from all four of the witnesses and statements were also obtained from Frazier and his Fiancé Floyd who was accompanying him."
 {¶ 8} Brown argues that because there was no evidence that Frazier suffered any injury, the court erred in finding him guilty of assault. We reject this contention.
 {¶ 9} Brown was charged in the words of the statute with causing or attempting to cause physical harm to William Frazier. The prosecutor argued to the trial court that the explanation of circumstances did establish an attempt to cause physical harm to William Frazier. Physical harm is defined in part at R.C.2901.01(A)(3) as "any injury . . . regardless of its gravity or duration." The explanation of circumstances demonstrates that Brown angrily spoke to Frazier immediately before striking him on the chin with a closed fist. The explanation of circumstances readily lends itself to the inference that Brown attempted to cause physical harm to Frazier even though he apparently failed to actually injure Frazier.
 {¶ 10} Brown also suggests that he would have been more properly charged pursuant to R.C. 2917.11, which proscribes disorderly conduct. However, Brown was not charged with disorderly conduct and we have held that disorderly conduct is not a lesser included offense of assault. See State v. Ocasio
(Nov. 21, 2003), Montgomery App. No. 19859, 2003-Ohio-6240. We do not understand Brown as arguing that the court should have found him not guilty of assault and guilty of disorderly conduct, but only that disorderly conduct was the more appropriate statute under which to charge him. Be that as it may, the State chose to charge Brown with assault. The explanation of circumstances established the offense of assault and we see no prejudice to Brown in having to answer to the charge of assault.
 {¶ 11} Finally, Brown argues that the trial court abused its discretion in imposing a maximum sentence of 180 days on a first-time offender.
 {¶ 12} There is no basis in the record for this contention. As indicated above, after receiving a presentence investigation report, the trial court sentenced Brown to 100 days on electronic home detention with work privileges. The trial court was clearly concerned with the fact that Brown had assaulted Frazier inside the courthouse after a court hearing and the court expressed a belief that Brown deserved a maximum sentence. Nevertheless, the court imposed the sentence that it did and forbade any contact with Frazier noting that "I got a reasonably good report from my probation department about you raising your kids and going to work everyday because if you were not doing that you would be doing 180 days in jail."
 {¶ 13} We find no abuse of discretion in the sentence imposed by the trial court.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment will be affirmed.
Grady, J., and Young, J., concur.