OPINION
{¶ 1} On July 14, 2004, Steven Banks pled guilty in the Montgomery County Court of Common Pleas to misuse of credit cards (over $500), in violation of R.C. 2913.21(B)(2), a felony of the fifth degree. Banks was sentenced to eleven months of incarceration and ordered to pay restitution in the amount of $849.43.
 {¶ 2} Banks appeals from his sentence, raising three assignments of error.
 {¶ 3} "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO CONSIDER EVIDENCE AS TO THE AMOUNT OF RESTITUTION."
 {¶ 4} In his first assignment of error, Banks claims that the trial court erroneously failed to take evidence on the amount of loss caused by his misuse of credit cards prior to awarding restitution. He asserts that no inquiry was made as to whether any of the items charged to the credit card were returned or whether the victim recovered any of the amounts charged to the cards.
 {¶ 5} A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted. See State v. Warner (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18. A trial court abuses its discretion when it orders restitution in an amount which has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the offense for which the defendant was convicted. State v. Williams (1986), 34 Ohio App.3d 33,34, 516 N.E.2d 1270. In determining that amount of restitution, the trial court need not necessarily conduct an evidentiary hearing before ordering restitution. See State v. Carpenter (Feb. 25, 2005), Greene App. No. 04CA56. However, the establishment of restitution is a judicial function and where questions are raised about the amount of restitution that should be ordered, the trial court must resolve those questions with, if necessary, an evidentiary hearing. Id., State v. Hubbell, Darke App. No. 1617, 2004-Ohio-398; State v. Bender, Champaign App. No. 2004CA11, 2005-Ohio-919, ¶ 12-13.
 {¶ 6} In the present case, the court was informed by the presentence report of its probation department that charges had been on made the victim's credit cards in an amount totaling $849.43. Banks did not object to the order of restitution in that amount, nor did he attempt to present any evidence that the victim's actual loss had been less than $849.43. Thus, the court had uncontested credible evidence that the actual economic loss caused by Banks's illegal conduct was $849.43. We find no error in the trial court's order that Banks pay restitution in that amount as part of his sentence.
 {¶ 7} The first assignment of error is overruled.
 {¶ 8} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO OBJECT TO THE RESTITUTION ORDER, FAILED TO REQUEST A HEARING CONCERNING RESTITUTION AND FAILED TO PRESENT EVIDENCE AS TO CREDITS AGAINST RESTITUTION."
 {¶ 9} In his second assignment of error, Banks claims that his counsel rendered ineffective assistance, because he failed to object to the amount of the restitution order, failed to request a hearing to determine the amount of restitution, and failed to present evidence as to the various credits to which Banks was entitled concerning the victim's actual economic loss.
 {¶ 10} In order to demonstrate ineffective assistance of counsel, Banks must establish that his counsel's representation fell below an objective standard of reasonableness and that he has been prejudiced by his counsel's deficient performance, i.e., that there exists a reasonable probability that, were it not for counsel's errors, the result of the sentencing would have been different. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St. 3d 136, 538 N.E.2d 373. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See Strickland, 466 U.S. at 689. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id.; State v. Parker, Montgomery App. No. 19486, 2003-Ohio-4326, ¶ 13. "The failure to present the testimony of a witness or other evidence at [a hearing] is not a substantial violation of an essential duty to a defendant unless it is shown that the evidence would have assisted the defense." State v. Payne (Mar. 1, 1996), Greene App. No. 95-CA-49; State v. Farris, Clark App. No. 2003-CA-77,2004-Ohio-5980, ¶ 59.
 {¶ 11} Banks asserts that the victim's alleged losses had been recovered and, thus, his counsel was ineffective by failing to present evidence which would have reduced the amount of the restitution order. Specifically, Banks claims that "[a]s a result of certain credits and returns, * * * he is the only person who suffered an actual loss as a result of this case because the amounts charged were fully recovered * * *." There is no evidence in the record to support Banks's contention that some of the amount that was wrongfully charged had been recovered. Consequently, we have no basis to conclude that Banks's attorney should have requested a hearing on restitution or that he could have presented evidence to dispute the restitution order of $849.43. Because we can only speculate as to these matters, we cannot conclude that Banks was prejudiced or that his attorney's conduct fell below an objective standard of reasonableness.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} "III. THE TRIAL COURT ERRED BY IMPOSING A FINE NOT ORDERED DURING THE SENTENCING HEARING."
 {¶ 14} In his third assignment of error, Banks claims that the trial court failed to state during his sentencing hearing that he was required to pay a fine of $2,500.
 {¶ 15} Upon review of the record, we find no indication that Banks was ordered to pay a fine as part of his sentence. Banks's appellate counsel acknowledges that she also has been unable to locate a journalized order requiring Banks to pay a fine in this case. We surmise that Banks recalls from his plea hearing that the court could sentence him to financial sanctions, including a fine up to $2,500.
 {¶ 16} "A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." Schenley v.Kauth (1953), 160 Ohio St. 109, 113 N.E.2d 625, paragraph one of the syllabus; State ex rel. Cooper v. Ater (1974), 38 Ohio St.2d 229,313 N.E.2d 7. Because the trial court did not impose a fine in its termination entry, we conclude that Banks is not subject to a fine of $2,500.
 {¶ 17} The third assignment of error is overruled.
 {¶ 18} The judgment of the trial court will be affirmed.
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).