OPINION
{¶ 1} On July 19, 2005, appellant, Ronald Russell, was charged via a bill of information on one count of gross sexual imposition in violation of R.C. 2907.05 (Case No. 2005CR557D). In a second bill of information filed November 18, 2005, appellant was charged with one count of sexual battery in violation of R.C. 2907.03 and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04 (Case No. 2005-CR-907D). Said charges arose from incidents involving appellant and three teenage boys.
 {¶ 2} On November 22, 2005, appellant pled no contest to the charges. The trial court found appellant guilty. By sentencing entries filed January 10, 2006, the trial court sentenced appellant to five years community control with the requirement that he complete the in-patient sex offender treatment program at Volunteers of America (hereinafter "VOA"). If appellant failed to complete the terms of his community control, he would be subject to a ten year prison term in Case No. 2005CR907D and an eighteen month prison term in Case No. 2005CR557D.
 {¶ 3} On October 25, 2006, appellant was terminated from the VOA program for failure to successfully complete the sex offender treatment program. As a result, a community control violation was filed against appellant. A hearing was held on November 22, 2006. By journal entries filed November 27, 2006, the trial court found appellant violated his community control by failing to complete the VOA program, and sentenced him to an aggregate term of ten years in prison in Case No. 2005CR907D and eighteen months in prison in Case No. 2005CR557D, to be served consecutively. *Page 3 
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT HAD VIOLATED THE TERMS AND CONDITIONS OF HIS PROBATION WHERE THERE WAS NO EVIDENCE THAT HE WILLFULLY VIOLATED THEM."
 II {¶ 6} "THE TRIAL JUDGE ABUSED HIS DISCRETION IN SENTENCING APPELLANT TO MAXIMUM CONSECUTIVE TERMS."
 I {¶ 7} Appellant claims the trial court erred in finding he willfully violated the terms and conditions of his community control sentence. We disagree.
 {¶ 8} The decision to revoke a defendant's probation or community control lies in the trial court's sound discretion. State v.McKnight (1983), 10 Ohio App.3d 312. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 9} Appellant bases his arguments on the lack of sufficient mensrea to violate the terms and conditions of his community control sentence. Appellant argues his failure to complete the VOA program was a result of his physical disabilities and not his willful failure to cooperate. *Page 4 
 {¶ 10} Crim.R. 32.3 sets forth appellant's rights to due process during revocation proceedings. Pursuant to subsection (A), a hearing was held by the trial court on November 22, 2006. It was alleged appellant violated the following:
 {¶ 11} "In violation of Conditions of Supervision #5, which states: `I will follow all orders, verbal or written, given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Corrections.' TO WIT: ON/ABOUT10-25-06, YOU FAILED TO FOLLOW A DIRECT ORDER, GIVEN TO YOU BY THECOURT, INSTRUCTING YOU TO COMPLETE THE VOLUNTEERS OF AMERICA HALFWAYHOUSE PROGRAM."
 {¶ 12} Appellant concedes the VOA program is the only sex offender in-house program available in Richland County. The program is divided into three phases; Phase I is educational, Phase II is application/clarification, and Phase III is the final phase. T. at 15-16, 21, 51-52. The normal length of a successful program is twelve to eighteen months. T. at 52.
 {¶ 13} Appellant appears to attribute his failure in Phase II to his inability to see, the lack of the use of his reader, and the ineffective audiotaping of his assignments. We disagree with this description of his termination.
 {¶ 14} Appellant completed Phase I in May of 2006 and proceeded into Phase II. T. at 16, 29. During Phase II, appellant was termed as anti-authoritarian and uncooperative with the program. T. at 9, 29. Appellant shifted the blame for his sexual abuse of the victims to their parents. T. at 9-10. He claimed the parents gave him the opportunity to offend, and blamed the parents' lack of parenting skills for his crimes. T. at 9-10, 12. *Page 5 
 {¶ 15} It was the consensus of VOA counselor Acie Workman and VOA psychologist and clinical director Constance Brody, Ph.D. that appellant was not successfully completing or cooperating in Phase II. T. at 13, 51. Apart from his lack of empathy for the victims, he refused to disclose the number of victims, and he failed to understand his acts were harmful. T. at 30, 52-53, 56-57.
 {¶ 16} Apart from his Phase II issues, appellant continually committed house rules infractions in October of 2006; he stayed in his bed area, interacted inappropriately with the staff and other residents, and placed his needs before his wife's. T. at 53-55. Appellant failed to perceive the need to make changes. T. at 60.
 {¶ 17} Appellant's probation officer counseled him twice that if he did not change, he would be terminated from the program. T. at 79, 81.
 {¶ 18} Although we concede the decision about whether appellant was completing his program is subjective, the decision sub judice was based on the opinions of professional counselors, which were substantiated by hard core facts and actual observations concerning his attitudes. Appellant was in the program almost ten months before the counselors deemed appellant's progress to be unsuccessful. Appellant now argues behavior altering programs have their ups and downs. In this case, appellant's downward spiral began in June and continued to October with no change in attitude after two reprimands.
 {¶ 19} Upon review, we cannot find any error in the trial court's decision to terminate appellant's community control.
 {¶ 20} Assignment of Error I is denied. *Page 6 
 II {¶ 21} Appellant claims the trial court erred in sentencing him to maximum consecutive sentences. We disagree.
 {¶ 22} In support of his arguments, appellant cites this court's opinion in State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, wherein this court held post-Foster [State v.,109 Ohio St.3d 1], "trial courts are still required to consider the general guidance factors in their sentencing decisions" and "this Court reviews the imposition of consecutive sentences under an abuse of discretion standard." Id. at ¶ 29 and 40.
 {¶ 23} Appellant argues his sentence "is shocking to the conscience" in that the trial court went from the minimum sentence, community control, to the maximum sentence "for no good reason." Appellant's Brief at 19.
 {¶ 24} Appellant was given a break when he was initially sentenced to community control. Appellant committed sex offenses against minors while in his capacity as a teacher/coach. Appellant was warned two times to complete the terms of his community control, but he was unsuccessful. As the trial court noted, "[y]ou had the opportunity at treatment * * * [a]nd now you have thrown that away by your attitude of what you have done in treatment." T. at 173. During the sentencing hearing, the trial court stated the following:
 {¶ 25} "We have a situation or situations, Mr. Russell, in which you abused your position as a teacher for thirty years, as a coach for forty years, as the owner of a baseball card facility which attracts adolescent boys, to repeatedly plan and re-offend *Page 7 
and re-offend over a series of months and years with each victim. It's about as calculated and abusive position of trust that I have seen any time.
 {¶ 26} "You could have quit anytime during that period when you saw what you had done to one of those boys. You could have got yourself right out of that position if that put you in contact with adolescent boys. You continued to use that profession after the first impulsive act to continually re-offend. If there are worse forms of the offense I haven't seen them. These are reprehensible." T. at 172-173.
 {¶ 27} The trial court sentenced appellant within the statutory ranges as per the January 10, 2006 sentencing entries wherein the trial court warned appellant what the sentences would be if he violated his community control. R.C. 2929.14(A)(3) and (A)(4).
 {¶ 28} Upon review, we find nothing in the record to suggest appellant's sentence was based on an arbitrary decision that violated his due process rights.
 {¶ 29} Assignment of Error II is denied. *Page 8 
 {¶ 30} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1