OPINION
{¶ 1} On June 28, 2006, defendant-appellant, Charles R. Bowman, entered a plea of guilty to one count of Engaging in a Pattern of Corrupt Activity, one count of Conspiracy to Engage in a Pattern of Corrupt Activity, sixteen counts of Tampering with Records, fourteen counts of Theft by Deception and twenty-six counts of Failure to Deliver Certificate of Title. All of the counts stemmed from Bowman's failure to provide *Page 2 
title to vehicles he sold while running a used car business. Following the plea, Bowman was sentenced to a total of six years in prison. He was also ordered to pay restitution to twenty-two of the victims. The trial court indicated that it had reduced to writing the amounts of restitution owed to each of those victims. The restitution order was set forth as "Trial Court Exhibit A" which provided for a total restitution amount of $248, 628.52. That exhibit is set forth as follows: TBTABLE

Cynthia Burch 6,486.50
Sharon Abner 9,336.00
Roger Hines 115.50
Michael Littlejohn 9,104.75
Tracy Bodey 4,035.97
Mark Runyon 5,167.50
Brock Blackburn 10,086.80
Sara Plantz 5,251.00
Bingham's Used Cars 14,500.00
Independent Auto Sales 5,500.00
Larry Greene 6,965.00
 *Page 3 
Julia Rice 6,996.50
Kristine Wetzel 4,563.00
Eddie Conley 3,390.00
Cheyenne Shively 990.00
Amy Freund 695.00
Roy Hall 975.00
Sarah Barnett 990.00
David Mikel 27,350.00
Townsend Foster 20,030.00
Ronald Pullins 4,100.00
Monroe Federal 102,000.00

 {¶ 2} Bowman appeals solely from this order of restitution, and raises two assignments of error.
 {¶ 3} "THE TRIAL COURT ERRED IN ORDERING RESTITUTION IN AN AMOUNT NOT SUBSTANTIATED BY THE RECORD."
 {¶ 4} Bowman argues that the record does not support the restitution ordered by the trial court. The State contends that Bowman has waived this issue for appeal given that he failed to object to the amounts set forth by the trial court at the sentencing *Page 4 
hearing.
 {¶ 5} This court has recently addressed the issue of restitution inState v. Collins, Montgomery App. Nos. 21510 and 21689, 2007-Ohio-5365, wherein we stated as follows:
 {¶ 6} "An order of restitution must be supported by competent, credible evidence in the record. State v. Warner (1990),55 Ohio St.3d 31, 69, 564 N.E.2d 18. `It is well settled that there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.' State v. Williams (1986),34 Ohio App.3d 33, 34, 516 N.E.2d 1270. `A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.' State v. Banks (Aug. 19, 2005), Montgomery App. No. 20711, 2005-Ohio-4488. ` Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.' State v. Golar (October 31, 2003), Lake App. No. 2002-L-092, 2003-Ohio-5861.
 {¶ 7} "A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered. State v. Williams, 34 Ohio App.3d 33. Thus, we review the trial court's decision under an abuse of discretion standard. `The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 8} "Restitution is based upon the victim's economic loss. R.C.2929.18(A)(1) provides in pertinent part: *Page 5 
 {¶ 9} "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount ." Id. at ¶¶ 12-15.
 {¶ 10} In this case, we agree that Bowman failed to object to the order of restitution at a time when the trial court could have ordered a hearing on the matter. Thus, he has waived this matter absent plain error. State v. Scott, Cuyahoga App. Nos. 84381, 84382, 84383, 84384, 84385, 2005-Ohio-3690, ]}19. In order to find plain error, the reviewing court must find that but for the error, the outcome clearly would have been otherwise. State v. Gay, Montgomery App. No. 21581, 2007-Ohio-2420.
 {¶ 11} From our review, it appears that the order of restitution is flawed. First, we cannot determine what source the trial court utilized to determine the restitution amounts. The only evidence in the record on these issue consists of statements in the pre-trial sentencing report and the victim impact statements. However, many of the ordered restitution amounts do not correspond to the information contained in these sources. For example, the trial court awarded more money than either the PSI or victim *Page 6 
impact statements indicate for the following: Sara Plantz, Eddie Conley, Kristine Wetzel, Julia Rice and Townsend Foster. With regard to Monroe Federal, Bingham's Used Cars and Independent Auto Sales, we can find no evidence in the record indicating the correct amount of restitution. The record also shows that there are discrepancies in the evidence with regard to the amounts owed to Michael Littlejohn, Mark Runyon, Brock Blackburn and Sharon Abner. While we agree that the trial court has discretion to award a sum which it deems proper, that discretion must be supported by some indication of what evidence the trial court relied upon in reaching its decision.
 {¶ 12} Additionally, the trial court has Cynthia Burch listed as a victim entitled to restitution. However, the evidence indicates that the victim is actually Cynthia's daughter, Alicia Burch. Similarly, the trial court lists another victim as Sarah Barnett. However, there is no victim impact statement from such an individual. Instead, the PSI mentions Beth Barnett. There is also an amount of restitution ordered for Roger Hines. However, the PSI indicates that he was compensated by the Title Defect Recision Fund. Thus, the trial court clearly erred with regard to these restitution orders.
 {¶ 13} Indeed, the only restitution orders which correspond to the evidence are those for the following: Tracy Bodey, Larry Greene, Cheyenne Shively, Amy Freund, Roy Hall, David Mikel and Ronald Pullins. Thus, any claim of error with regard to these victims and amounts is without merit, and the judgment in this regard is affirmed. All other ordered amounts are reversed, and this matter is remanded to the trial court for further proceedings with regard to restitution.
 {¶ 14} The first assignment of error is sustained in part.
 {¶ 15} "APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO *Page 7 
EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 16} Bowman contends that counsel was ineffective because he failed to raise an objection to the erroneous restitution order.
 {¶ 17} The second paragraph of the syllabus in State v. Bradley
(1989), 42 Ohio St.3d 136, provides:
 {¶ 18} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
 {¶ 19} However, we need not address this argument given our disposition of the first assignment of error.
 {¶ 20} Bowman's first assignment of error is sustained in part, and overruled in part. The second assignment of error is overruled as moot. This matter is remanded for further proceedings.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
 GRADY and DONOVAN, JJ., concur. *Page 1