OPINION
{¶ 1} Appellant Ronald Russell appeals the decision of the Court of Common Pleas, Richland County, which denied his post-conviction motion to vacate sentence. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 2005, in trial court case number 2005-CR-557D, appellant was charged with one count of gross sexual imposition, a felony of the fourth degree. In addition, in case number 2005-CR-907D, appellant was charged with one count of unlawful sexual conduct with a minor and one count of sexual battery, both felonies of the third degree.
 {¶ 3} Appellant appeared before the trial court on November 22, 2005, and entered a plea of no contest to all charges. The trial court subsequently found appellant guilty. On January 10, 2006, the trial court sentenced appellant to five years community control in each case with the requirement that appellant complete the in-patient sex offender treatment program at Volunteers of America ("VOA"). The trial court also ordered appellant to pay restitution "for the victims' counseling expenses" and informed appellant concerning sanctions for violating his community control.
 {¶ 4} The State of Ohio thereafter appealed to this Court on the issue of proper notification of postrelease control in case no. 2005-CR-907D. On August 28, 2006, we affirmed the sentence. See State v. Russell, Richland App. No. 06CA12, 2006-Ohio-4450.
 {¶ 5} On October 25, 2006, appellant was terminated from the VOA program for failure to successfully complete the sex offender treatment program. As a result, a community control violation was filed against appellant. Following a hearing, the trial court found appellant had violated his community control requirements, and sentenced *Page 3 
him to an aggregate term of eighteen months in prison in case no. 2005-CR-557D and ten years in prison in case no. 2005-CR-907D, to be served consecutively.
 {¶ 6} Appellant appealed the revocation of his community control. On October 31, 2007, we affirmed the trial court's decision. See State v.Russell, Richland App. Nos. 06-CA-116, 07CA117, 2007-Ohio-5860.
 {¶ 7} On June 23, 2008, appellant filed, under both case numbers, a "motion to vacate and set aside a void judgment." On August 25, 2008, the trial court denied the motion, stating that it was an untimely petition for postconviction relief and further barred by res judicata.
 {¶ 8} On September 15, 2008, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 9} "I. APPELLANT'S MOTION TO VACATE SENTENCE AND VOID JUDGMENT MUST BE GRANTED.
 {¶ 10} "II. THE STATE ERRONEOUSLY ASSERTS APPELLANT'S MOTION IS A POST-CONVICTION PROCEEDING.
 {¶ 11} "III. THE COURT FAILED TO FOLLOW THE MANDATES OF R.C. 2919.19
(SIC) AND 2929.19(B)(5).
 {¶ 12} "IV. THE DOCTRINE OF RES JUDICATA IS ERRONEOUSLY ASSERTED BY THE STATE."
 I. {¶ 13} In his First Assignment of Error, appellant contends the trial court erred in denying his motion to vacate sentence. We disagree. *Page 4 
 {¶ 14} The focus of this assigned error is the restitution portion of appellant's sentence. Appellant essentially maintains that because his original restitution order does not set forth an amount, his "motion to vacate and set aside a void judgment" of June 23, 2008 was cognizable, on the basis that the sentencing order was an "invalid judgment." Appellant's Brief at 5.
 {¶ 15} R.C. 2929.18(A)(1) states in pertinent part that "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. * * *."
 {¶ 16} In State v. Hooks (2000), 135 Ohio App.3d 746, 735 N.E.2d 523, the Tenth District Court of Appeals, emphasizing that "a sentence not authorized by statute is void," found a restitution order invalid sua sponte. Id. at 750. However, the appellant in that case had been convicted of offenses of tampering with records, which the Tenth District Court, relying on an earlier version of R.C. 2929.01, concluded "did not pose a threat of bodily injury or death within the meaning of the relevant statutes." Thus, the basis in Hooks for finding the restitution order invalid was not for want of specificity in the dollar amount, as would be applicable in the case sub judice.
 {¶ 17} A trial court's decision on restitution is discretionary, although the amount ordered must bear a reasonable relationship to the actual loss suffered. See State v. Bowman, Miami App. No. 06-CA-41,2007-Ohio-6673, ¶ 7, citing State v. Williams (1986), 34 Ohio App.3d 33. We further note R.C. 2929.18(A)(1) is conditional, in that it requires a determination of a specific amount "if" restitution is ordered. Therefore, because restitution per se is not statutorily mandated for a criminal sentence, we find no merit in appellant's claim that the lack of a specific amount of restitution in a sentencing entry *Page 5 
makes that entry void or invalid ab initio. Thus, we hold challenges to a restitution order must be raised via a direct appeal or timely post-conviction petition.
 {¶ 18} The trial court thus did not err in dismissing appellant's motion to vacate sentence. Appellant's First Assignment of Error is overruled.
 II. {¶ 19} In his Second Assignment of Error, appellant challenges the classification of his motion to vacate as a post-conviction motion.
 {¶ 20} Technically, appellant herein challenges the State's "assertion," rather than a decision or ruling by the trial court. Ohio Constitution Art. IV, § 3(B)(2), reads in pertinent part: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." We will thus presume appellant is challenging the trial court's treatment of his motion as a post-conviction petition. Cf. In reWillis, Coshocton App. No. 02 CA 15, 2002-Ohio-6795, ¶ 10.
 {¶ 21} Appellant again urges that the original sentence entries were void, and that his motion to vacate should have been addressed accordingly, rather than being treated as an untimely post-conviction motion. He cites Crim. R. 32(C), which states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." *Page 6 
 {¶ 22} In the case sub judice, we hold the original sentence entries, although not establishing an amount for restitution, were not deficient under Crim. R. 32(C). As such, the trial court did not err in treating appellant's motion to vacate as a post-conviction petition and in declining to address it as a challenge to a void judgment.
 {¶ 23} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 24} In his Third Assignment of Error, appellant contends the trial court erred in denying his motion to vacate on the basis that the court failed to follow R.C. 2929.19 in his original sentences.
 {¶ 25} Assuming arguendo, appellant's present argument is not barred by res judicata and the doctrine of the law of the case (see State v.Russell, supra, 2007-Ohio-5860), we find the issue is moot. The error that appellant appears to cite is in his original sentencing entries from January 10, 2006. However, he has subsequently been re-sentenced to prison as a result of community control violations. In the Community Control Violation Journal Entry for Case No. 2005-CR-557D, the court imposed an eighteen-month prison sentence for the charge of gross sexual imposition. In the Community Control Violation Journal Entry for Case No. 2005-CR-907D, the court imposed a five-year prison sentence for Count I, unlawful sexual conduct with a minor, and a five-year prison sentence for Count II, sexual battery. As a community control violation sentence was imposed separately for each count, stemming from the convictions set forth by the trial court on January 10, 2006, appellant's claim of error lacks merit.
 {¶ 26} Appellant's Third Assignment of Error is therefore overruled. *Page 7 
 IV. {¶ 27} In his Fourth Assignment of Error, appellant challenges the application of the doctrine of res judicata to his motion to vacate.[1]
 {¶ 28} Under the doctrine of res judicata, a final judgment bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93, 96,671 N.E.2d 233, reaffirming State v. Perry (1967), 10 Ohio St.2d 175,39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 29} Appellant once again maintains that his original sentences are void or invalid ab initio, and that his claims were thus ripe for review when he filed his motion of June 23, 2008, an assertion which we have herein rejected. We therefore find no error in the trial court's rejection of appellant's said motion to vacate on res judicata grounds. *Page 8 
 {¶ 30} Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 31} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P. J., Edwards, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Technically, appellant again challenges the State's "assertion," rather than a decision or ruling by the trial court. See our analysis under appellant's Second Assignment of Error, supra. *Page 1