## HALUKA et v BAKER

Ohio Appeals, 9th Dist, Wayne Co

Decided January 27, 1941

Lewis, Levin & Cronin, Youngstown, and Geo. H. Barnard, Wooster, for appellants.

Weygandt & Ross, Wooster, for appelee.

### OPINION

By STEVENS, J.

Defendant Baker's automobile came into collision with an automobile driven by John Haluka, in which Haluka's wife, Anna, was riding as a passenger.

As a result of the collision, a suit seeking damages was filed against Baker by each of. the Halukas.

Defendant, Baker, was insured against liability for personal injuries and property damage by The Continental Automobile Mutual Insurance Company, of Mansfield, Ohio, which insurance company was represented by the law firm of Beam & Beam, of Mansfield, as general counsel.

Upon the filing of said actions by the Halukas against Baker, all steps in conformity to the policy provisions were taken by Baker, and the firm of Beam & Beam, at the instance of the insurance company, undertook the defense of the actions.

When the actions had matured to the point of being set for trial, a telephone conversation on March 4, 1939, between counsel for plaintiffs and counsel for the insurance company, resulted in an agreement between them that the plaintiffs should receive from the defense the sum of two hundred and fifty dollars as in full settlement of their claims, and that the defense should pay certain costs which had accrued. On March 4, 1939, L. H. Beam notified defendant that said actions had been settled, and that he (defendant) need not appear for the trial of the cases on the following Monday.

Defendant was consulted by no one concerning the amount of the settlement, and was not advised as to the amount thereof until he received a letter from counsel for plaintiff on August 29, 1939, notifying him that the insurance company had not paid the agreed amount, and giving to him an opportunity to settle the claim for the amount agreed upon between counsel

for the insurance company and counsel for plaintiffs.

On June 1, 1939, the insurance company was taken over for liquidation by the Superintendent of Insurance of the State of Ohio.

On September 2, 1939, defendant retained the firm of Weygandt & Ross, of Wooster, as his counsel to represent him in the actions filed by plaintiffs, which actions had not then been dismissed.

On November 13, 1939, the personal injury actions of these plaintiffs were dismissed by their counsel, and on December 6, 1939, the present action, seeking recovery of the agreed settlement amount, was filed against the defendant.

This instant action is, of course, predicated upon the claim that the law firm of Beam & Beam, who, while general counsel for the insurance company, were also counsel of record for defendant, were the agents of the defendant in making said settlement agreement, and that the defendant is accordingly "bound" by the terms of the agreement, and liable to pay the amount thereof.

The answer of the defendant set up two defenses: First, that he neither made any settlement with the plaintiffs, nor authorized any one to act as his agent in making any settlement; second, if it should be found that defendant was bound by the settlement agreement negotiated by Beam & Beam, that plaintiffs thereafter elected to and did rescind such agreement, and stood upon their actions for damages against defendant.

The trial court, to which the case was submitted upon an agreed statement of facts and without the intervention of a jury, resolved the issues in favor of defendant.

Appeal on questions of law ensued.

Was the insurance company the agent of defendant in negotiating a settlement, and is the defendant, as principal, personally liable to pay plaintiffs the amount agreed upon as a settlement between counsel for plaintiffs and counsel for the insurance company?

Neither counsel nor the court have found Ohio authority decisive of the questions raised. However, the subject has been considered and decided in other jurisdictions.

One case bearing upon the subject is that of Countryman v Breen, the judicial history of which case is found in the following citations: 263 N. Y. Supp., 603; 271 N. Y. Supp., 744; and 268 N Y., 643, 198 N. E., 536. The facts in that case are almost identical with those here under consideration, except for immaterial procedural questions.

There husband and wife, occupants of the same motor vehicle, were injured in a collision with the automobile of defendant. They instituted separate actions for damages against defendant, seeking recovery for personal injuries. Defendant turned over to his insurance carrier the process served upon him, and the insurance company, in conformity to the policy provisions, through counsel, undertook the defense of the actions. Answers were prepared by counsel for the insurance company, signed by the defendant, and filed by the insurance company's attorneys.

When the cases came on for trial, a jury was selected, and counsel then announced in open court that a settlement had been reached.

Thereafter, but before the $3500 agreed settlement had been paid to plaintiffs, the insurance company was taken over for liquidation.

Subsequently, under the New York procedure, plaintiffs made a motion to enter judgment against defendant on the settlement agreement. The trial court held the settlement to be binding upon the defendant, granted the motions and entered judgment for plaintiffs.

Defendant appealed to the Appellate Division. That court reversed the judgment of the trial court, for the following reasons:

First, that an attorney has no authority to settle a case without express authorization from his client.

Second, that the insured had no control over the insurance company respecting the settlement of the claims

against him; that the insurance company had the right to settle the claims as it saw fit; that the settlement was of direct concern only to the insurance company, and not to the insured; that accordingly, the insurance company and its counsel were not acting as the agents of the insured, and the settlement agreement made by the insurance company was not binding upon the defendant-insured.

The judgment of the Appellate Division was affirmed upon appeal to the Court of Appeals.

Upon like reasoning, the same conclusion was reached in the case of Jones v Noble, 3 Cal. App. (2nd) 316, 39 P. (2d), 486.

Underlying the conclusions announced by the courts, as above indicated, is the well-recognized rule of law that an attorney in ▆▆▆▆ charge of a case cannot settle the case without express authorization so to do from his client. 7 Corpus Juris Secundum, Attorney and Client, §105; **4 O. Jur., Attorneys at Law, §67.**

Agency is defined in 1 Restatement of the Law of Agency, Chapter 1, Topic 1, Section 1, as follows:

"(1) Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."

Also ibid., Section 13: "An agent is a fiduciary with respect to matters within the scope of his agency.

"Comment: a. * * * a fiduciary, that is, a person having a duty, created by his undertaking, to act **primarily for the benefit of another** in matters connected with his undertaking." (Emphasis ours).

Also ibid., Section 14: "A principal has the **right to control** the conduct of the agent with respect to matters entrusted to him.

"Comment: * * *. b. * * * Where the existence of an agency relationship is not otherwise clearly shown, * * * the fact that it is understood that the person acting is not to be subject to the control of the other as to the manner of performance determines that the relationship is not that of agency." (Emphasis ours).

Under the instant agreed statement of facts, which includes a copy of the insurance policy in question, it is apparent that the activities of the insurance company were directed primarily to the doing of those things which were beneficial to it, with the protection of the insured a secondary consideration.

It is further apparent that, under the provisions of this policy, the insured had no control whatsoever over the conduct of, or conclusions reached by, the insurance company.

Both of such situations are incompatible with the legal concept of the relationship of principal and agent.

Where a liability insurer, by its policy contract, reserves to itself the right to defend, in the name of the insured, actions to recover for personal injuries or property damage, to employ counsel of its own choosing, to litigate or settle as it sees fit, and the ▆▆▆▆ insured is, by the contract, not permitted to interfere with the insurer's handling of the litigation or settlement, but is required to assist and cooperate with the insurer in the investigation, preparation and presentation of the defense, such insurer in settling such litigation without the express consent of the insured, or without his subsequent ratification of the insurer's handling thereof, acts in its own behalf, and not as the agent of the insured. Under such circumstances, the insured is not personally bound by the agreement of settlement made by the insurer, unless it was expressly authorized or subsequently ratified by him, and he likewise is not bound to pay the amount of the settlement agreed upon. See Foremost Dairies, Inc. v Campbell Coal Co., 185 Ga. 702, 196 S. E. 279; Burnham v Williams, 198 Mo. Ap. 18, 194 S. W., 751; Attleboro

438

Mfg. Co. v Frankfort, etc., Ins. Co., 240 F. 573.

It must therefore be concluded, upon reason, authority and principle, that the settlement agreement concluded between the insurance company and the plaintiffs is not binding upon the defendant, he not having been a party thereto.

It may be further observed that appellants' action in pressing their damage claims, after the settlement agreement, constituted in our opinion, an abandonment by them of the settlement agreement, and incapacitated them to sue upon the agreement of settlement.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.