DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gary Conner, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Appellees, Nancy Kerstetter, et al. This Court affirms.
 I. {¶ 2} On March 27, 1999, Appellant, Gary Conner ("Conner"), entered into an Exclusive Right to Sell Listing Contract with Appellees, Nancy Kerstetter ("Kerstetter") and Realty Executives of Ohio ("Realty Executives"), for the sale of his property located at 1711 Sawgrass Drive in Uniontown, Ohio. In the Spring of 2000, Kerstetter received a phone call from Lloyd Weimer, a real estate broker representing a potential buyer, Laraine Porter. Weimer indicated that Porter was interested in making an offer on the property and, at Weimer's request, Kerstetter arranged a meeting between the two parties and their respective clients. Kerstetter contends that this meeting constitutes the only time she met with Weimer, Porter and Conner. She claims that, at this meeting, Weimer and Porter suggested a financing arrangement wherein Porter would simply take over the mortgage payments for Conner. Kerstetter additionally claims that Weimer presented the Agreement for Purchase and Sale of Real Estate at this meeting. In contrast, Conner maintains that the group met at his house one to two weeks prior to the April 19, 2000 meeting, and therefore met at least twice as a group. He claims that Porter and Weimer presented a partially completed purchase agreement to him on April 19, 2000. Conner claims that Kerstetter told him she would have the financial arrangement proposed by Porter examined by Realty Executives' legal department.
 {¶ 3} The parties do not dispute that Conner and Porter met without Kerstetter to discuss the details of the financial agreement on at least two occasions. In addition, there is no dispute that Porter proposed a financial arrangement wherein she would take over Conner's existing mortgage payments in exchange for transfer of the deed and title to a trustee and that Conner understood and agreed to this arrangement. The parties also agree that Kerstetter did not attend the closing wherein Porter and Weimer presented documents to Conner that Kerstetter had not received and agree that Conner did not read these documents in their entirety before signing them.
 {¶ 4} Two years after the sale, Porter failed to make mortgage payments according to her agreement with Conner. When Porter failed to make these payments, the mortgages were foreclosed, the house was sold at a sheriff's sale and Conner's credit was significantly damaged.
 {¶ 5} Conner filed a claim against Appellees on March 29, 2004, alleging that Kerstetter had breached her fiduciary duty to Conner in the course of her representation of him in the real estate transaction and that this breach had proximately caused his damages. Appellees filed a motion for summary judgment on January 20, 2005, which the trial court granted on April 12, 2005. Conner timely appealed from the trial court's order granting summary judgment in favor of Appellees, raising one assignment of error for our review.
II.
 ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT REMAIN AS TO WHETHER APPELLEE KERSTETTER BREACHED HER FIDUCIARY DUTY TO APPELLANT."
 {¶ 6} In his sole assignment of error, Conner claims that the trial court erred in granting summary judgment in favor of Kerstetter. He contends that genuine issues of material fact remain regarding whether Kerstetter breached her fiduciary duty to Conner. We disagree.
 {¶ 7} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} In support of their motion for summary judgment, Appellees relied upon the depositions of Kerstetter and Conner, copies of the Agreement for Purchase and Sale of Real Estate and other documents relevant to the purchase agreement and purchase and sale contract. Conner filed a response to Appellees' motion for summary judgment, to which he attached copies of the listing contract, portions of both his and Kerstetter's depositions and the Agreement for Purchase and Sale of Real Estate.
 {¶ 11} The trial court held that Conner's failure to read the additional documents presented to him at closing and his failure to seek counsel with respect to those documents could not be imputed to Kerstetter. In reaching this decision, the trial court relied on evidence that Kerstetter did not receive the financial documents until after the "deal crumbled" and therefore did not know the details of the financial arrangement.
 {¶ 12} Conner contends that the trial court erred in granting summary judgment in favor of Appellees because genuine issues of material fact exist regarding whether Kerstetter breached her fiduciary duty to him. In support of this contention, Conner asserts that Kerstetter's fiduciary duty obligated her to be involved in the intricate details of the transaction and that her lack of knowledge of these details did not absolve her of liability. Conner also contends that the trial court misstated the law regarding the analysis of summary judgment motions and improperly analyzed the motion and Conner's response thereto.
 {¶ 13} In support of his contention that the trial court improperly analyzed the summary judgment motions, Conner asserts that the trial court improperly stated the law related to the review of summary judgment motions because it failed to include the statement "the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). We find no merit in this contention as the trial court set forth the standard from Civ. R. 56(C) and found that Appellees were entitled to judgment as a matter of law on Conner's breach of fiduciary duty claim.
 {¶ 14} Conner accurately notes that the trial court could not enter summary judgment in favor of Appellees unless it determined that one of the following legal statements was true as a matter of law: (1) that Kerstetter owed no fiduciary duty to Conner, (2) that Kerstetter did not breach her fiduciary duty to Conner, or (3) that Conner suffered no injury proximately resulting from Kerstetter's breach. A fiduciary is one who, due to his own undertaking, has a duty to act "primarily for the benefit of another in matters connected with his undertaking." (Emphasis omitted.) Haluka v. Baker (1941), 66 Ohio App. 308, 312;Strock v. Pressnell (1988), 38 Ohio St.3d 207, 216. To support a breach of fiduciary duty claim, a party must show the existence of a fiduciary relationship, failure to comply with a duty accorded that relationship, and damages proximately resulting from that failure. Strock, 38 Ohio St.3d at 216.
 {¶ 15} As set forth in R.C. 4735.62(A)(6), Kerstetter clearly owed a fiduciary duty to Conner to exercise "reasonable skill and care in representing the client and carrying out the responsibilities of the agency relationship" and "[a]dvising the client to obtain expert advice related to material matters when necessary or appropriate." The question remains as to whether Kerstetter breached this duty.
 {¶ 16} The parties do not dispute that Conner met with Porter alone, at least twice, to discuss the details of the financial arrangement and that Kerstetter had extremely limited knowledge of the financial agreement. According to her testimony, Kerstetter knew that Conner and Porter agreed to an arrangement whereby Porter would take over Conner's mortgage payments. Because she was unfamiliar with this type of arrangement, Kerstetter advised Conner to seek legal advice regarding the financial agreement. Conner testified that Kerstetter told him she would have the transaction checked out by Realty Executives' legal department. However, Kerstetter testified that Realty Executives does not have a legal department.
 {¶ 17} Conner testified that he did not receive the documents that detailed the financial agreement until the day of the closing, at which Kerstetter was not in attendance, and furthermore, that he did not read these documents in their entirety before signing them. Kerstetter did not receive the financial documents and was not aware that they existed until after the within action arose. She had only reviewed the Purchase Agreement, which did not detail the terms of the financial agreement, but only indicated that financing was to be obtained through "other means."
 {¶ 18} Upon review of the evidence, we find that Kerstetter had no knowledge of the specific details of the financial agreement Conner had entered into with Porter. Construing the evidence in the light most favorable to Conner, we find that Conner has wholly failed to demonstrate that Kerstetter had a duty to be involved in the financial arrangement that was negotiated by Conner and Porter. Moreover, Conner has not demonstrated that Kerstetter's actions constitute a breach of her duty, i.e. that her conduct fell below the standard of care. Conner cannot defeat Appellees' summary judgment motion merely by alleging that Kerstetter had a duty to advise him regarding financial documents she never received and that he did not even read. Conner certainly could have refused to sign the documents until he had the opportunity to discuss them with Kerstetter or legal counsel. Yet, Conner did not make any attempt to have these documents reviewed by anyone. Conner's failure to read the documents presented to him at the closing and failure to seek advice regarding the creative financing deal cannot be imputed to Kerstetter. We find, therefore, that no genuine issue of material fact remains regarding whether Kerstetter breached her fiduciary duty to Conner and that Appellees are entitled to judgment as a matter of law on this claim. Conner's assignment of error is overruled.
 III. {¶ 19} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Reader, J., concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)