[Cite as *State v. Courtney*, 2014-Ohio-1659.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

BARBARA COURTNEY

      Defendant-Appellant


Appellate Case No.    2013-CA-73

Trial Court Case No.   2013-CR-262


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of April, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, P.O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee


ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 West Second Street, Suite 706, Dayton,

Ohio 45402
Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Barbara Courtney, appeals from her conviction and sentence in the Clark County Court of Common Pleas following her guilty plea to theft in violation of R.C. 2913.02(A)(2). For the reasons outlined below, the judgment of the trial court is affirmed.

{¶ 2} On June 27, 2013, Barbara Courtney pled guilty to on one count of theft in violation of R.C. 2913.02(A)(2), a felony of the fourth degree. The charge arose from Courtney stealing $44,726 from her employer between August 1, 2008 and March 12, 2013. At the time of her offense, Courtney was employed as the office manager at Coachworks Auto Sales (Coachworks), a used car lot in Springfield, Ohio. As office manager, Courtney was responsible for customer accounts, which required her to handle large sums of money. She had been employed with Coachworks for 20 years and, according to her employer, "[s]he was in a position of trust * * *." Disposition Trans. (July 18, 2013), p. 6, ln. 15. At the time of her offense, Courtney was 56 years old and had no prior criminal record.

{¶ 3} The trial court held a sentencing hearing on July 18, 2013. At the hearing, the trial court found that under R.C. 2929.13(B)(1)(b)(viii), Courtney held a position of trust that facilitated her theft offense. As a result of this finding, the trial court imposed a one-year prison term as opposed to community control sanctions. In addition, the trial court ordered Courtney to pay restitution in the amount of $44,726, despite acknowledging that her ability to pay did not seem promising. Courtney now appeals from her conviction and sentence, raising four

assignments of error.

## Assignment of Error No. 1

{¶ 4}    Courtney's First Assignment of Error is as follows:

BARBARA COURTNEY'S PLEA IS INVALID.

{¶ 5}    Under this assignment of error, Courtney contends that her guilty plea is invalid because the trial court failed to strictly comply with the requirements of Crim. R. 11(C)(2)(c) during her plea hearing.   She bases her argument on the fact that the trial court informed her that she had the right to a "trial" instead of the right to a "jury trial."

{¶ 6}    Crim.R. 11(C)(2)(c) provides that the court may not accept a plea of guilty or no contest without first addressing the defendant personally and doing all the following:

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7}    "The rights enunciated in Crim.R. 11(C)(2)(c) are constitutional in nature." *State v. Perkins*, 2d Dist. Montgomery No. 22956, 2010-Ohio-2640, ¶ 42.   In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Supreme Court of Ohio "reaffirmed that strict, or literal, compliance with Crim.R. 11(C)(2)(c) is required when advising the defendant of the constitutional rights he is waiving by pleading guilty or no contest."   *State v. Barker*, 129

Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15 citing *Veney* at ¶ 18. Therefore, a trial court must "orally advise a defendant before accepting a felony plea that the plea waives * * * the right to a jury trial   * * *." *Veney* at ¶ 31.

{¶ 8}   "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.* However, "a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of [Crim.R. 11(C)(2)(c)], so long as the trial court actually explains the rights to the defendant." *Id.* at ¶ 27. Moreover, "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *Barker* at ¶ 25.

{¶ 9}   At the plea hearing in this case, the trial court advised Courtney that she had "the right to a trial," and explained that: "At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you are pleading guilty, and you could only be convicted *upon the unanimous verdict of a jury*." (Emphasis added.) Plea Trans. (June 27, 2013), p. 7, ln. 2-9. Courtney confirmed her understanding of these rights, thereby indicating that she knew if she went to trial, her conviction would depend on a jury verdict. Because an average person of Courtney's age and intelligence would know that a trial requiring a "unanimous verdict of a jury" to convict necessitates a jury trial, we conclude that the trial court sufficiently explained her right to a jury trial during its plea colloquy.

{¶ 10}   Furthermore, even if we had found that the trial court's explanation of Courtney's right to a jury trial was ambiguous, which we do not, the written plea form specifically referenced the right. The written plea form states: "I understand by pleading guilty I give up my right to a

jury trial * * *." Plea of Guilty (June 27, 2013), Clark County Court of Common Pleas Case No. 2013-CR-0262, Docket No. 11, p. 2. Accordingly, Courtney was fully informed of her right to a jury trial.

{¶ 11} For the foregoing reasons, we conclude that the trial court strictly complied with Crim.R. 11(C)(2)(c) when it informed Courtney of her right to a jury trial and, therefore, her plea is valid. Courtney's First Assignment of Error is overruled.

**Assignment of Error Nos. 2 and 3**

{¶ 12} For purposes of convenience, we will review Courtney's Second and Third Assignments of Error together. They are as follows:

> II. BARBARA COURTNEY'S SENTENCE IS CONTRARY TO LAW.
>
> III. THE TRIAL JUDGE ABUSED HIS DISCRETION IN SENTENCING BARBARA COURTNEY TO PRISON.

{¶ 13} Under these assignments of error, Courtney argues that her one-year prison sentence is contrary to law because the trial court erroneously concluded that she held a "position of trust" under R.C. 2929.13(B)(1)(b)(viii). She claims that the trial court interpreted "position of trust" too broadly and that it should have sentenced her to community control sanctions pursuant to R.C. 2929.13(B)(1)(a). Courtney also claims that even if this court finds her sentence is not contrary to law, the trial court abused its discretion in sentencing her to prison given that she had no prior criminal record, admitted guilt and remorse, and confirmed that she would attempt to repay her former employer.

<u>Felony Sentencing Standard of Review</u>

{¶ 14}  In *State v. Rodeffer*, 2013-Ohio-5759, __N.E.2d__ (2d Dist.), this court adopted R.C. 2953.08(G)(2) as the appellate standard of review for felony sentences.  *Id.* at ¶ 29.  R.C. 2953.08(G)(2) states, in pertinent part, that:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. *The appellate court's standard for review is not whether the sentencing court abused its discretion.* The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)     That the sentence is otherwise contrary to law.   (Emphasis added.)

{¶ 15}  We also observed in *Rodeffer* that:

"the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative.  It does not say that the trial judge must have clear and convincing evidence to support its findings.  Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings."   * * * "In other words, the restriction is on the appellate court, not the

trial judge. This is an extremely deferential standard of review." *Rodeffer* at ¶ 31, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

The Record Supports the Trial Court's

Findings Under R.C. 2929.13(B)

**{¶ 16}** Initially, Courtney claims that the trial court erred in sentencing her to prison as opposed to community control sanctions, because the court incorrectly found that she held a "position of trust" under R.C. 2929.13(B)(1)(b)(viii). We disagree.

**{¶ 17}** R.C. 2929.13(B)(1)(a) instructs a sentencing court to sentence an offender who pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or a qualifying assault offense to community control sanctions for at least one year if certain conditions are met. However, section (B)(1)(b) of the statute also provides 11 circumstances or exceptions in which the trial court has discretion to sentence such an offender to prison as opposed to community control. One of those circumstances is if:

> The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others. R.C. 2929.13(B)(1)(b)(viii).

**{¶ 18}** In *State v. Massien*, 125 Ohio St. 3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, the Supreme Court of Ohio explained the circumstances under which a person holds a "position of trust" as that phrase was used in former R.C. 2929.13(B)(1)(d). We note that former R.C.

2929.13(B)(1)(d) contains the exact same language as R.C. 2929.13(B)(1)(b)(viii), therefore, *Massien* is applicable to the instant matter. Per *Massien*:

> A person holding a "position of trust" * * * is not limited to public officials and public servants. However, it also does not apply to all positions of trust held by private individuals. Rather, *a private individual holds a position of trust only if he or she occupies a special relationship of trust and confidence equivalent to a fiduciary relationship*. (Emphasis added.) *Massien* at ¶ 2.

{¶ 19} The Supreme Court also observed in *Massien* the following with respect to fiduciary relationships:

> " 'A "fiduciary relationship" is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' " *Stone v. Davis* (1981), 66 Ohio St.2d 74, 78, 20 O.O.3d 64, 419 N.E.2d 1094, quoting *In re Termination of Pratt*, 40 Ohio St.2d at 115, 69 O.O.2d 512, 321 N.E.2d 603. "A 'fiduciary' has been defined as ' "a person having a duty, created by his undertaking, to act *primarily for the benefit of another* in matters connected with his undertaking." ' " (Emphasis Sic.) *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 216, 527 N.E.2d 1235, quoting *Haluka v. Baker* (1941), 66 Ohio App. 308, 312, 20 O.O. 136, 34 N.E.2d 68 * * *. "A fiduciary relationship need not be created by contract; it may arise out of an informal relationship where both parties understand that a special trust or confidence has been reposed." *Stone*, 66 Ohio St.2d at 78, 20 O.O.3d 64, 419 N.E.2d 1094. *Massien* at ¶ 35.

**{¶ 20}** With respect to whether employees are fiduciaries to their employers, the Supreme Court noted that: "Although some employees may have fiduciary relationships with their employers, '[n]ot all employees are fiduciaries.' " *Massien*, 125 Ohio St. 3d 204, 2010-Ohio-1864, 926 N.E.2d 1282 at ¶ 37, quoting *Laurel Valley Oil Co. v. 76 Lubricants Co.*, 154 Ohio App.3d 512, 2003-Ohio-5163, 797 N.E.2d 1033, ¶ 40 (5th Dist.). For a fiduciary relationship to exist there needs to be " ' "more than the ordinary relationship of employer and employee." ' " *Id.*, quoting *State ex rel. Charlton v. Corrigan*, 36 Ohio St.3d 68, 71, 521 N.E.2d 804 (1988), quoting *In re Termination of Pratt*, 40 Ohio St.2d 107, 114, 321 N.E.2d 603 (1974).

**{¶ 21}** "In determining whether a fiduciary relationship exists between an employee and employer, 'emphasis should be placed upon whether the assigned job duties require, as essential qualifications over and above technical competency requirements, a high degree of trust, confidence, reliance, integrity and fidelity.' " *Id.*, quoting *Charlton* at syllabus. "Job duties that require a great degree of discretion support the existence of a fiduciary relationship, whereas assigned duties of a routine character do not involve the degree of discretion or trust necessary to be considered a fiduciary." (Citation omitted.) *Id.* "A further consideration involves whether the employee's responsibility includes 'daily discretionary decisions' affecting persons served by the employer that require the employee to be 'of higher than normal reliability.' " *Id.*, quoting *Charlton* at 73.

**{¶ 22}** The Supreme Court concluded in *Massien* that a nurse employed by a hospital does not have a fiduciary relationship with the hospital given that nurses do not occupy a position of discretion and, therefore, are not in a "position of trust" for purposes of R.C. 2929.13(B)(1)(d). *Id.* at ¶ 40-41. After *Massien*, this court concluded in *State v. Branch*, 2d Dist. Montgomery

No. 25261, 2013-Ohio-2350, that a defendant who stole pieces of jewelry from a family who employed her to do housework over a holiday season was also not in a "position of trust" with her employers. *Id.* at ¶ 2, 17.

**{¶ 23}** In the present case, however, Courtney was the office manager of a used car company that had employed her for 20 years. She started as a secretary, then as a salesperson, and was later promoted to officer manager. Courtney was in charge of customer accounts and used accounting software to track the company's accounts and expenses. The customers typically paid the company directly in cash, so Courtney also handled large sums of money and made bank deposits. In a letter to the court, Courtney's former employer advised that she "was in a position of trust and had been for some time." Disposition Trans. (July 18, 2013), p. 6, ln. 15-16.

**{¶ 24}** Based on the foregoing, we do not clearly and convincingly find that the record does not support the trial court's finding that Courtney was in a "position of trust" that facilitated her offense. The record establishes that Courtney was in a position that required higher than normal reliability. Her responsibilities and access to large sums of money required a high degree of discretion and trust from her former employer, which translates to a fiduciary relationship. Because of the employer's trust and reliance upon her in handling its money, Courtney was able to steal $44,726. Accordingly, the record establishes that she was in a "position of trust" as contemplated under R.C. 2929.13(B)(1)(b)(viii).

### Courtney's Sentence Is Not Otherwise Contrary to Law

**{¶ 25}** Next, Courtney argues that her one-year prison sentence is contrary to law. "[A]

sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, __N.E.2d__ at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. Additionally, a sentence is not contrary to law if during the sentencing hearing a trial court fails to cite the purposes and principles of sentencing of R.C. 2929.11 or the factors of 2929.12, but does state in the final judgment entry that it had " 'considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12.' " *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 20 (2d Dist.), quoting *State v. Miller*, 2d Dist. Clark No. 09CA28, 2010-Ohio-2138, ¶ 43.

{¶ 26}   In this case, we have already concluded that the record established that Courtney was in a "position of trust,"  which, pursuant to R.C. 2929.(B)(1)(b)(viii), gave the trial court discretion to impose a prison sentence as opposed to community control sanctions.   Furthermore, Courtney's one-year prison sentence falls within the statutory range for theft under R.C. 2912.02(A)(2),   a fourth-degree felony.   *See* R.C. 2929.14(A)(4).

{¶ 27}   Moreover, the trial court expressly stated in the Judgment Entry of Conviction that it "considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Judgment Entry of Conviction (July 19, 2013), Clark County Court of Common Pleas Case No.

2013-CR-262, Docket No. 13, p. 1.  The court also noted that it had considered the presentence investigation report.  *Id*.

**{¶ 28}** For the foregoing reasons we do not clearly and convincingly find that Courtney's prison sentence is contrary to law.  Given that there is evidence in the record supporting the trial court's "position of trust" finding under R.C. 2929.13(B)(1)(b)(viii), and Courtney's prison sentence is not otherwise contrary to law, we conclude that the trial court did not err in sentencing Courtney to one year in prison.

**{¶ 29}** Courtney's Second and Third Assignments of Error are overruled.

**Assignment of Error No. 4**

**{¶ 30}** Courtney's Fourth Assignment of Error is as follows:

THE TRIAL JUDGE ERRED BY ORDERING BARBARA COURTNEY TO
PAY $44,726 IN RESTITUTION.

**{¶ 31}** Under this assignment of error, Courtney contends that the trial court erred in ordering her to pay restitution given that there is nothing in the record indicating that she has the present or future ability to pay.  This argument lacks merit.

**{¶ 32}** Under R.C. 2929.18(A)(1), a trial court is authorized to order a defendant convicted of a felony offense to pay restitution to the victim of the offense for the amount of any economic loss the victim suffered as a result.  We note that Courtney never objected to the trial court's order of restitution; therefore, she has waived all but plain error as permitted by Crim.R. 52(B).  *See State v. Hill*, 2d Dist. Montgomery No. 23343, 2010-Ohio-2508, ¶ 6. "To prevail under the plain error standard, an appellant must demonstrate both that there was an obvious

error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise." *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 8, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 62.

**{¶ 33}** We review an order of restitution under an abuse of discretion standard. *State v. Collins*, 2d Dist. Montgomery Nos. 21510 and 21689, 2007-Ohio-5365, ¶ 13. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. An abuse of discretion includes a situation in which a trial court did not engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A trial court abuses its discretion in ordering restitution in an amount that was not determined to bear a reasonable relationship to the actual loss suffered." *Collins* at ¶ 13, citing *State v. Williams*, 34 Ohio App.3d 33, 35, 516 N.E.2d 1270 (2d Dist.1986).

**{¶ 34}** "An order of restitution must be supported by competent, credible evidence in the record." *Id*. at ¶ 12, citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). Furthermore, " '[a] sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted.' " *Id*., quoting *State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶ 5. " 'Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.' " *Id*., quoting *State v. Golar*, 11th Dist. Lake No. 2002-L-092, 2003-Ohio-5861, ¶ 9.

**{¶ 35}** Pursuant to R.C. 2929.19(B)(5), a trial court is required to consider the

defendant's present and future ability to pay before it imposes restitution under R.C. 2929.18(A)(1). *State v. Jennings*, 2d Dist. Montgomery No. 24559, 2012-Ohio-1229, ¶ 6. "[A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine." *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42. Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue. *Id*.

**{¶ 36}** In this case, the record establishes that Courtney stole $44,726 from her former employer. The loss amount was established with reasonable certainty, as Courtney admitted to stealing that sum at the plea hearing. Therefore, $44,726 represents the actual economic loss caused by Courtney's illegal conduct. Accordingly, the restitution order of $44,726 bears a reasonable relationship to the loss suffered.

**{¶ 37}** Additionally, the record indicates that the trial court considered Courtney's present and future ability to repay the $44,726. The trial court reviewed the presentence investigation report and also asked Courtney at sentencing: "How are you going to pay [$44,726]?" Disposition Trans. (July 18, 2013), p. 5, ln. 14-15. In response, Courtney stated: "I could try to get a job, you know, and I filed for social security * * * I have been looking for a job ever since I got fired." *Id.* at 5, ln. 16-20. The trial court then briefly mentioned that "it [didn't] sound too promising that [Courtney would] be able to pay the money back." *Id*. at 5, ln. 21-22.

**{¶ 38}** However, the record also establishes that Courtney was gainfully employed for 20 years working in various positions including a secretary, sales person, and office manager. While Courtney's criminal record and one-year prison term will hamper her ability to obtain employment, she did not argue that she would be unemployable, but instead, insisted that she

would try to repay her former employer. Her skills are indicative of employability, therefore we find no error, let alone plain error, in the trial court's restitution order.

{¶ 39} Courtney's Fourth Assignment of Error is overruled.

## Conclusion

{¶ 40} Having overruled Courtney's four assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, P.J., concurring.
 I concur in judgment, and would find that the sentence was not an abuse of discretion pursuant to my concurring opinion in *Rodeffer*, 2013-Ohio-5759.

Copies mailed to:

Lisa M. Fannin
Robert Alan Brenner
Hon. Douglas M. Rastatter