[Cite as *State v. Smiddy*, 2015-Ohio-4200.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2014-CA-148 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-492 |
| | : | |
| CHARLES SMIDDY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BRANDON CHARLES MCCLAIN, Atty. Reg. No. 0088280, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Charles Smiddy, appeals from his conviction and sentence on two counts of Gross Sexual Imposition, one count of Pandering Sexually Oriented Matter Involving a Minor, and one count of Pandering Obscenity Involving a Minor. Following a guilty plea, Smiddy was sentenced to the maximum and consecutive sentences on these charges, for a total of 26 years in prison.

{¶ 2} Smiddy contends that the trial court erred by failing to comply with the requirements of Crim.R. 11. We conclude that the trial court sufficiently explained Smiddy's rights during the plea colloquy. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} On August 4, 2014, Smiddy was indicted on two counts of Rape, with a specification that the alleged victim was under the age of 10 at the time of the offenses; four counts of Gross Sexual Imposition involving a child under the age of 12 or 13; five counts of Pandering Sexually Oriented Matter Involving a Minor; and five counts of Pandering Obscenity Involving a Minor. Smiddy initially pled not guilty, but on October 23, 2014, appeared in court and pled guilty to two counts of Gross Sexual Imposition, one count of Pandering Sexually Oriented Matter Involving a Minor, and one count of Pandering Obscenity Involving a Minor.

{¶ 4} In exchange for the guilty plea, the State agreed to dismiss all the remaining charges and specifications, and also agreed to a presentence investigation. The offenses of Gross Sexual Imposition involved a child who was less than ten years old at

the time of the offenses. Regarding the other offenses, the State indicated that Smiddy had, in a continuous course of conduct from May 2006 to June 2014, created, reproduced, or published obscene material that had a minor as one of its participants or portrayed the observers. Finally, Smiddy had downloaded a photograph of a minor participating in sexual activity.

{¶ 5} At the plea hearing, the trial court ascertained that Smiddy had signed the written plea agreement, had gone over the plea agreement with his attorney, and understood everything in the plea agreement. The written plea agreement, which was filed on October 23, 2014, contained a section entitled "Waiver of Rights." This section included the following paragraph:

> I understand by pleading guilty I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial I could not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge.

Doc. #10, p. 3.

{¶ 6} During the plea hearing, the court engaged in a plea colloquy with Smiddy that included the following discussion:

> THE COURT: Do you understand that you have the right to a trial in this case?

THE DEFENDANT: Yes, Your Honor. I do.

THE COURT: At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offenses to which you are pleading guilty and you could only be convicted upon a unanimous verdict of a jury.

Transcript of Proceedings, October 23, 2014 Plea Hearing, p.11.

{¶ 7} The trial court accepted Smiddy's plea and found him guilty of the offenses. After a presentence investigation, the court sentenced Smiddy, as noted above, to a total of 26 years in prison. Smiddy timely appealed from his conviction and sentence.

## II. Did the Trial Court Fail to Comply with Crim.R. 11?

{¶ 8} Smiddy's sole assignment of error states that:

The Trial Court Erred by Accepting Mr. Smiddy's Guilty Pleas Prior to Complying With the Procedural Requirements of Rule 11 of the Ohio Rules of Criminal Procedure.

{¶ 9} Under this assignment of error, Smiddy contends that the trial court failed to comply with the requirements of Crim.R. 11 because the court did not tell him, prior to accepting his plea, that he was waiving his constitutional right to a jury trial. Instead, the court only informed Smiddy that he was waiving his right to a trial.

{¶ 10} Crim.R. 11(C)(2) provides that trial courts may not accept guilty or no contest pleas in criminal cases without personally addressing a defendant and doing a number of things, including: "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial * *

* * *."

{¶ 11} "The rights enunciated in Crim.R. 11(C)(2)(c) are constitutional in nature." *State v. Perkins*, 2d Dist. Montgomery No. 22956, 2010-Ohio-2640, ¶ 42, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 21. In *Veney*, the Supreme Court of Ohio "reaffirmed that strict, or literal, compliance with Crim.R. 11(C)(2)(c) is required when advising the defendant of the constitutional rights he is waiving by pleading guilty or no contest." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *Veney* at ¶ 18. As a result, "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial * * *." *Veney* at ¶ 31.

{¶ 12} In *Barker*, however, the Supreme Court of Ohio also stressed that "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *Barker* at ¶ 25.

{¶ 13} The issue in the case before us is whether the trial court failed to comply with Crim.R. 11 requirements by omitting the word "jury" when advising Smiddy of his right to a jury trial. We previously addressed this particular point in *State v. Courtney*, 2d Dist. Clark No. 2013-CA-73, 2014-Ohio-1659, where the trial court had also advised the defendant that "she had 'the right to a trial,' and explained that: 'At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you are pleading guilty, and you could only be convicted *upon the unanimous verdict of a jury*.' " (Emphasis sic.) *Id.* at ¶ 9. We concluded that the trial court sufficiently explained the defendant's right to a jury trial because "an

average person of [her] age and intelligence would know that a trial requiring a 'unanimous verdict of a jury' to convict necessitates a jury trial * * *."   *Id.*

**{¶ 14}** The same considerations apply here, in nearly identical circumstances. Smiddy was 51 years old at the time of the plea, and there is no indication in the record that he lacked the intelligence to understand the trial court's explanation.

**{¶ 15}** We further stressed in *Courtney* that even if we had found the court's explanation ambiguous (which we did not), the written plea specifically referenced the right to a jury trial, and the defendant, therefore, was "fully informed of her right to a jury trial."   *Id.* at ¶ 10.   This is consistent with the decision in *Barker*.   In the present case, the discussion during Smiddy's plea colloquy was not ambiguous, but any ambiguity would have been resolved by the written plea agreement that Smiddy signed.   *Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, at ¶ 25.

**{¶ 16}** Accordingly, Smiddy's sole assignment of error is overruled.

## III.   Conclusion

**{¶ 17}** Smiddy's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Brandon Charles McClain
Hon. Douglas M. Rastatter