[Cite as *State v. Rike*, 2016-Ohio-1098.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-92 |
| | : | |
| v. | : | T.C. NO. 14CR318 |
| | : | |
| RYAN RIKE | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____18th_____ day of _____March_____, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Ryan Rike. Rike appeals from his July 22, 2014 Judgment Entry of Conviction, following a guilty plea, to one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with an accompanying firearm specification. A second specification to count one

as well as an additional count of tampering with evidence were dismissed in exchange for Rike's plea. Rike received a sentence of seven years for the felonious assault offense, and three years for the firearm specification, to be served consecutively for an aggregate term of ten years. We hereby affirm the judgment of the trial court.

{¶ 2} Rike was indicted on May 5, 2014, and he entered pleas of not guilty on May 13, 2014. Rike withdrew his pleas of not guilty on July 1, 2014. The following exchange occurred in relevant part at Rike's plea hearing:

* * *

THE COURT: Is this your signature on this written plea document?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you have a chance to go over this document with your lawyer?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand everything in it?

THE DEFENDANT: Yes, Your Honor.

* * *

THE COURT: Do you understand that you have the right to a trial?

THE DEFENDANT: Yes, sir.

THE COURT: At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you're pleading guilty and you could only be convicted upon the unanimous verdict of a jury.

You would have the right to confront witnesses who testify against

you and your attorney could cross-examine those witnesses.

You would have the right to use the Court's subpoena power to compel the attendance of witnesses on your behalf; and you would also have the right to testify, but you could not be forced to do so. Do you understand all of those rights?

THE DEFENDANT: Yes, sir.

THE COURT: By pleading guilty you would be giving up all of those rights. Are you telling the Court that you want to give those rights up and plead guilty to felonious assault with the firearm specification?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The Court finds that the defendant has knowingly, voluntarily, intelligently waived his rights and entered a plea of guilty to that offense. Based upon his plea, I find him guilty.

* * *

Rike's written plea agreement provides in part as follows: " * * * I know at trial I could not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. * * *."

{¶ 3} Rike's sole assigned error is as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA WITHOUT FIRST ENNSURING THAT THE PLEA WAS MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 4} Rike argues as follows:

At the plea hearing in the instant case, the Trial Court did state that Appellant had the right to testify but that he could not be forced to do so. The Court failed to inform Appellant - - - at that point or at any time - - - that, if Appellant were to choose to exercise his right to remain silent and not testify, no one could comment on his decision. This statement was essential to a full explanation of Appellant's constitutional rights that he had and that he was waiving by entering a guilty plea. Failing to provide that crucial information to Appellant constituted a failure to follow the mandate of Criminal Rule 11(C)(2)(c), the constitutional requirements expressed beyond the criminal rule, and holding of the Supreme Court in *State v. Ballard* [,66 Ohio St.2d 473, 423 N.E.2d 115 (1981).]

Informing Appellant that he had a right to remain silent did not satisfy the requirement that he be informed in "a reasonable manner" of his right not to testify, nor did it follow the Supreme Court ruling that the Trial Court must refer to a defendant's constitutional rights in a "manner reasonably intelligible to that defendant." Informing a defendant that, because he has the right not to testify, no one can comment at this trial on his choice to exercise that right constitutes informing that defendant of his right in a reasonable manner and in a manner reasonably intelligible to that defendant, as it [is] the only way that the true meaning of that right can be adequately set forth. It is the only way that the constitutional requirements expressed beyond Criminal Rule 11(C) can be satisfied.

A defendant who is informed only that he is not required to testify or

that he has the right to remain silent may reasonably believe that he could exercise the right, remain silent at his trial, and then sit helplessly while the prosecutor criticized him in his closing argument for not telling the jury his side of the story, or while the prosecutor argued to the jury that he remained silent because he must have had something to hide and that was why he was not testifying in his own behalf.   * * *

In addition to *Ballard*, Rike directs our attention to *State v. Singh*, 141 Ohio App.3d 137, 750 N.E.2d 598 (11th Dist. 2000).

{¶ 5}   The State responds that by "telling Rike that he had the right to testify but could not be forced to do so, the trial court adequately apprised Rike of his right not to testify against himself pursuant to Crim.R. 11(C)(2)(c)."   The State directs our attention to *State v. Smiddy*, 2d Dist. Clark No. 2014-CA-148, 2015-Ohio-4200, and asserts that "even if the court's explanation is found to be ambiguous, the written plea may be used to resolve the ambiguity."

{¶ 6}   Crim.R. 11(C) governs pleas of guilty in felony cases and provides in relevant part as follows:

* * *

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

* * *

{¶ 7} In *Ballard*, Arnold Ballard argued that "he was not informed of his constitutional right to trial by jury." *Id.*, 66 Ohio St.2d 473, 476. The Supreme Court of Ohio determined that in accepting a guilty plea, "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty." *Id.* at 479. The Court further determined, however, that "failure to so proceed will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Id.* at 479-80. The Court noted that "the basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant

understands that his plea waives his constitutional right to a trial." *Id.* at 480. The Court concluded as follows:

> Applying this standard to the present cause, we hold that the trial court did meaningfully inform the appellant of his right to a trial by jury. The court informed the appellant that neither judge nor jury could draw any inference if the appellant refused to testify. Immediately after that statement the trial court informed the appellant that he was entitled to a fair and impartial trial under law. In each instance, the defendant was asked if he understood. The defendant, in each instance, responded affirmatively. These statements and answers, taken together, lead us to the conclusion that the appellant was informed of his right to a trial by jury.

*Id.* at 480-81.

{¶ 8} In *Singh*, The Eleventh District considered whether the trial court erred in accepting Jndbr Jit Singh's guilty pleas "because the record clearly indicates that he was not asked if he understood the nature of the charges against him," and because he was not informed of his right against self-incrimination. *Id.* at 140, 142. The court noted that "the trial court need only substantially comply with the non-constitutional requirements set forth in Crim.R. 11(C)," and it found that "based on the totality of the circumstances," Singh entered his pleas "with an understanding of the charges, the implications of his plea, and the rights he was waiving." *Id.* at 142. Regarding his right to be informed of his right against self-incrimination, the record before the Eleventh District reflected that in the course of his plea hearing, the judge indicated to Singh, " 'You could testify but you need not testify if you desire not to; do you understand that?' " *Id.* The court noted that "the

right against self-incrimination is a right of constitutional proportion, requiring strict compliance with Crim.R. 11(C)." The Eleventh District determined as follows:

> Thus, after reviewing *Ballard*, it is clear that Crim.R. 11(C) exists as a vehicle by which a defendant's constitutional rights are communicated to him or her. From that perspective, it is apparent that Crim.R. 11(C) is subservient to the constitutional principles it serves to communicate. Accordingly, Crim.R.11(C) also must be read in a manner in which it complies with constitutional requirements expressed beyond the rule itself.
>
> In this matter, the trial judge's statement, "You could testify but you need not testify if you desire not to * * *," fails to adequately apprise appellant of his constitutional right against self-incrimination. Furthermore, even though the written plea form, signed by appellant, states that he cannot be compelled to testify against himself, that right must be properly explained by the trial judge in the plea colloquy. Accordingly, the trial court failed to comply with Crim.R. 11(C). Thus, appellant's second assignment of error is wellfounded.

*Id.* at 143.

{¶ 9} In *Smiddy*, upon which the State relies, Charles Smiddy argued that the trial court failed to comply with CrimR. 11(C) "because the court did not tell him, prior to accepting his plea, that he was waiving his constitutional right to a jury trial. Instead, the court only informed Smiddy that he was waiving his right to a trial." This Court conducted the following analysis:

> "The rights enunciated in Crim.R. 11(C)(2)(c) are constitutional in

nature." *State v. Perkins*, 2d Dist. Montgomery No. 22956, 2010-Ohio-2640, ¶ 42, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 21. In *Veney*, the Supreme Court of Ohio "reaffirmed that strict, or literal compliance with Crim.R. 11(C)(2)(c) is required when advising the defendant of the constitutional rights he is waiving by pleading guilty or no contest." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 15, citing *Veney* at ¶ 18. As a result, "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial * * *." *Veney* at ¶ 31.

In *Barker*, however, the Supreme Court of Ohio also stressed that "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question." *Barker* at ¶ 25.

The issue in the case before us is whether the trial court failed to comply with Crim.R. 11 requirements by omitting the word "jury" when advising Smiddy of his right to a jury trial. We previously addressed this particular issue in *State v. Courtney*, 2d Dist. Clark No. 2013-CA-73, 2014-Ohio-1659, where the trial court had also advised the defendant that "she had 'the right to a trial,' and explained that: 'At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you are pleading guilty, and you could

only be convicted *upon the unanimous verdict of a jury.*' " (Emphasis sic.) *Id.* at ¶ 9. We concluded that the trial court sufficiently explained the defendant's right to a jury trial because "an average person of [her] intelligence would know that a trial requiring a 'unanimous verdict of a jury' to convict necessitates a jury trial * * *." *Id.*

The same considerations apply here, in nearly identical circumstances. Smiddy was 51 years old at the time of the plea, and there is no indication in the record that he lacked the intelligence to understand the trial court's explanation.

We further stressed in *Courtney* that even if we had found the court's explanation ambiguous (which we did not), the written plea specifically referenced the right to a jury trial, and the defendant, therefore, was "fully informed of her right to a jury trial." *Id.* at ¶ 10. This is consistent with the decision in *Barker.* In the present case, the discussion during Smiddy's plea colloquy was not ambiguous, but any ambiguity would have been resolved by the written plea agreement that Smiddy signed. *Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, at ¶ 25.

*Id.*, ¶ 11-15; *see also State v. Howard*, 2d Dist. Clark No. 2015-CA-3, 2016-Ohio-426, ¶ 12 (finding strict compliance with Crim.R.11(C)(2)(c) where "Howard advised the trial court that he reviewed the plea form with his attorney and that he understood everything contained therein.")

**{¶ 10}** Having reviewed the record, we conclude that the trial court did not violate Crim.R. 11(C)(2)(c) in accepting Rike's plea, and that Rike entered his plea knowingly,

intelligently, and voluntarily.    The court specifically advised Rike that he could not be compelled to testify.    While the court did not advise Rike that no one could comment if he exercised his right against self-incrimination (a requirement not found in Crim.R. 11(C)(2)(c)), reference to the plea form clarifies that Rike was fully informed that "* * * no one could comment if I chose not to testify."    At the plea hearing, Rike advised the trial court that he signed the plea form, that he went over it with his attorney, and that he understood everything contained therein.    Accordingly, Rike's assigned error lacks merit, and it is hereby overruled.    The judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Jeffrey T. Gramza
Hon. Douglas M. Rastatter